**DAVID POWERS HOMES, INC., Appellant,**

v.

**M.L. RENDLEMAN COMPANY, INC. d/b/a Fiberglass Insulators, Appellee.**

No. 01–10–00967–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 2011.

See also 2010 WL 4216472.

Jeffrey L. Gilman, Gilman & Gilman, P.C., Houston, TX, for Appellant.

Clay Adam Butler, The Butler Firm, PLLC, Christopher Mugica, Jorge A. Padilla, Jackson Walker L.L.P., Austin, TX, for appellee.

Panel consists of Justices KEYES, HIGLEY, and HINDE.*

## OPINION

LAURA CARTER HIGLEY, Justice.

David Powers Homes, Inc. ("DPH") appeals the trial court's denial of the relief sought in DPH's "Ex Parte Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien or Claim," filed pursuant to Texas Government Code section 51.903. *See* TEX. GOV'T CODE ANN. § 51.903 (Vernon 2005). In its motion, DPH requested the trial court to find that certain instruments, filed in the Harris County real property records by M.L. Rendleman Company, Inc. d/b/a Fi-

berglass Insulators ("Fiberglass Insulators"), to be "fraudulent," as defined by Government Code section 51.901(c)(2). *See* TEX. GOV'T CODE ANN. § 51.901(c)(2) (Vernon Supp. 2010). DPH challenges the trial court's ruling in two issues.

We affirm.

## Background

Fiberglass Insulators installed insulation in homes built by DPH and another company, DJPH. When it was not paid for these services, Fiberglass Insulators sued DPH and DJPH alleging, inter alia, breach of contract. The defendants did not answer, and Fiberglass Insulators obtained a default judgment against DPH and DJPH for $78,736.00. The judgment was appealed, and the portion of the judgment awarding $78,736.00 against DPH and DJPH for breach of contract was affirmed.[1] Fiberglass Insulators filed a second suit against DPH, and others, alleging, inter alia, that the defendants had engaged in fraudulent transfers of a number of residential homes built by DHP in violation of the Texas Uniform Fraudulent Transfers Act ("TUFTA").

In early 2010, Fiberglass Insulators filed 37 separate instruments in the Harris County real property records pertaining to 37 separate parcels of real property on which single-family residences had been constructed. Each was entitled "Affidavit of Notice to Potential Transferee." Each Affidavit provides in relevant part:

3. The purpose of this Affidavit is to provide notice to potential buyers of the below described real property that the real property described below is involved in a lawsuit in Harris County,

---

* The Honorable Dan Hinde, Judge of the 269th District Court of Harris County, participating by assignment.

1. *See Powers v. M.L. Rendleman Co., Inc. d/b/a Fiberglass Insulators*, No. 14–09–00814–CV, 2010 WL 4216472 (Tex.App.-Houston [14th Dist.] Oct. 26, 2010, no pet.) (mem. op.).

Texas, and that, subject to the outcome of the litigation, any future sales of the real property may be avoided by the Court. The real property is described as follows:

[specific property description]

4. On January 10, 2010, M.L. Rendleman Company, Inc. d/b/a Fiberglass Insulators filed a lawsuit, cause number 2010–02129; styled *M.L. Rendleman Company, Inc. d/b/a Fiberglass Insulators v. David Powers Homes, Inc., DJPH, LLC, d/b/a David Powers Homes, David Powers, Individually, Powers Commercial Corporation, David Powers Homes ST, LTD., and Rhoda J. Powers, Individually,* in the 270th Judicial District Court, Harris County Texas.

5. The current lawsuit alleges among other things that the real property described above was transferred in violation of Chapter 24 of the Texas Business and Commerce Code, otherwise known as the Uniform Fraudulent Transfer Act. One of the remedies expressly allowed under the Texas Fraudulent Transfer Act, is avoidance of the transfer. Accordingly, this affidavit provides notice that a transfer of the real property described above may be avoided by the Court in the above-referenced lawsuit.

DPH filed a verified *"Ex Parte* Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien or Claim" ("Motion for Judicial Review"). DPH asserted that it was filing the motion "under Section 51.903(a) of the Texas Government Code to request a judicial determination of the status of documentation or instruments purporting to create an interest in real or personal property . . . filed in the office of the Clerk of Harris County, Texas." In this regard, DPH identified each of the 37 Affidavits filed by Fiber-

glass Insulators in the Harris County real property records. DPH also attached the Affidavits to the motion.

DPH asserted that the Affidavits "purport to have created a lien on real or personal property or an interest in real or personal property arising out of a debt owed by David Powers Homes, Inc." DPH alleged that "the documentation or instruments attached hereto are fraudulent, as defined by Section 51.901(c)(2), Government Code, and that the documentation or instruments should therefore not be accorded lien status." DPH was clear that it did not "request the Court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien."

The trial court ruled on DPH's Motion for Judicial Review in its "Judicial Finding of Fact and Conclusion of Law Regarding Documentation or Instruments Purporting to Create a Lien or Claim" ("Judicial Finding and Conclusion"). The trial court stated that it had reviewed DPH's verified Motion for Judicial Review and the complained-of Affidavits filed by DPH. In its Judicial Finding and Conclusion, the trial court stated, "No testimony was taken from any party, nor was there any notice of the Court's review, the Court having made the determination that a decision could be made solely on review of the documentation or instruments under the authority vested in the Court under Subchapter J, Chapter 51, Government Code."

The trial court determined, inter alia, that the Affidavits filed by Fiberglass Insulators in the real property records were "provided for by specific state or federal statutes or constitutional provisions." By making this determination, the trial court rejected DPH's allegation that the Affidavits were "fraudulent," as defined by Government Code section 51.901(c)(2). The

trial court clarified that it made "no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act."

Presenting two issues, DPH appeals the trial court's determination that the Affidavits are not fraudulent because they are "provided for by specific state or federal statutes or constitutional provisions." *See* TEX. GOV'T CODE ANN. § 51.903(c) (providing that "[a]n appellate court shall expedite review of a court's finding under this section").

### Subject–Matter Jurisdiction

As a threshold issue, we address Fiberglass Insulators's claim that this appeal should be dismissed for lack of subject-matter jurisdiction. It first asserts that DPH lacks standing under Government Code section 51.903 to challenge the Affidavits as being fraudulent. Fiberglass Insulators also asserts lack of subject-matter jurisdiction because "the issue before the Court is moot."

### A. Governing Statutory Provisions

Government Code section 51.903, entitled "Action on Fraudulent Lien on Property," provides in subsection (a) as follows:

(a) A person who is the purported debtor or obligor or who owns real or personal property or an interest in real or personal property and who has reason to believe that the document purporting to create a lien or a claim against the real or personal property or an interest in the real or personal property previously filed or submitted for filing and recording is fraudulent may complete and file with the district clerk a motion, verified by affidavit by a completed form for ordinary certificate of acknowledgment, of the same type described by Section 121.007, Civil Practice and Remedies Code, that contains, at a minimum, the information in the following suggested form:

In Re: A Lien or Claim Against (Name of Purported Debtor)

MISC. DOCKET NO. _____

In the _____ Judicial District

In and For _____ County Texas

**Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim**

Now Comes (name) and files this motion requesting a judicial determination of the status of documentation or an instrument purporting to create an interest in real or personal property or a lien or claim on real or personal property or an interest in real or personal property filed in the office of the Clerk of (county name) County, Texas, and in support of the motion would show the court as follows:

I.

(Name), movant herein, is the purported obligor or debtor or person who owns the real or personal property or the interest in real or personal property described in the documentation or instrument.

II.

On (date), in the exercise of the county clerk's official duties as County Clerk of (county name) County, Texas, the county clerk received and filed and recorded the documentation or instrument attached hereto and containing (number) pages. Said documentation or instrument purports to have created a lien on real or personal property or an interest in real or personal property against one (name of purported debtor).

III.

Movant alleges that the documentation or instrument attached hereto is fraudulent, as defined by Section 51.901(c)(2),

Government Code, and that the documentation or instrument should therefore not be accorded lien status.

### IV.

Movant attests that assertions herein are true and correct.

### V.

Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien. Movant further acknowledges that movant may be subject to sanctions, as provided by Chapter 10, Civil Practice and Remedies Code, if this motion is determined to be frivolous.

### PRAYER

Movant requests the court to review the attached documentation or instrument and enter an order determining whether it should be accorded lien status, together with such other orders as the court deems appropriate.

Respectfully submitted,

_____

(Signature and typed name and address) Tex. Gov't Code Ann. § 51.903(a).

The movant may attach the allegedly fraudulent documentation or instrument to the motion. *See id.* Section 51.903 further provides, "The court's finding may be made solely on a review of the documentation or instrument attached to the motion and without hearing any testimonial evidence. The court's review may be made ex parte without delay or notice of any kind." *Id.* § 51.903(c).

■ For purposes of a section 51.903 action, a fraudulent document or instrument is defined as (1) a document or instrument that "is not a document or instrument provided for by the constitution or laws of this state or of the United States"; (2) a document or instrument

"not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property ..., or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person"; or (3) a document or instrument that "is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States." *Id.* § 51.901(c)(2); *see id.* § 51.903(a). Thus, if a trial court finds that a document or instrument is provided for by state or federal law or constitutional provision, the court has determined that the document or instrument is not fraudulent. *See id.* § 51.901(c)(2); *see also id.* § 51.903(a).

### B. Mootness and Standing: Legal Principles

■ Whether a court has subject matter jurisdiction is a legal question that is reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993); *see also Daimler-Chrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex.2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it."). If a party lacks standing to bring an action, the trial court lacks subject-matter jurisdiction to hear the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444–45.

■ "[S]tanding focuses on the question of who may bring an action." *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex.1998). The general test for standing is whether there is a real contro-

versy between the parties that will actually be determined by the judgment sought. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. "To establish standing, a person must show a personal stake in the controversy." *In re B.I.V.*, 923 S.W.2d 573, 574 (Tex.1996).

■■■ Standing to sue may be predicated upon either statutory or common law authority. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 252 (Tex.App.-Dallas 2005, no pet.); *see Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex.2001). The common law standing rules apply except when standing is statutorily conferred. *SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 153 (Tex.App.-El Paso 2007, pet. denied).

■■■ The mootness doctrine also implicates subject-matter jurisdiction. *Hernandez–Perez v. State*, No. 01–09–00801–CR, 2010 WL 2133935, at *1 (Tex.App.-Houston [1st Dist.] May 27, 2010, no pet.) (mem. op.) (citing *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex.App.-Dallas 2009, no pet.)). A case is moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex.2005). When a case becomes moot, the parties lose standing to maintain their claims. *Williams*, 52 S.W.3d at 184.

### C. Analysis of Jurisdictional Challenges

Fiberglass Insulators asserts that DPH lacks standing to challenge the Affidavits because the Affidavits do not expressly identify DPH as a debtor or obligor. Here, the Affidavits state that Fiberglass Insulators has sued DPH alleging that DPH and others have engaged in the fraudulent transfer of the real property identified in each Affidavit. It is undisputed that DPH is a judgment debtor of Fiberglass Insulators and that the suit identified in the Affidavits arises from DPH's status as such. In short, it is undisputed that Fiberglass Insulators alleges that DPH owes it money as a judgment debtor and that the second suit is brought to aid in the collection of that debt.

■■■ Government Code 51.903 provides,

A person who is the purported debtor or obligor ... and who has reason to believe that the document purporting to create a lien or a claim against the real or personal property or an interest in the real or personal property previously filed or submitted for filing and recording is fraudulent may complete and file with the district clerk a motion, verified by affidavit....

TEX. GOV'T CODE ANN. § 51.903(a). Here, the Affidavits and the undisputed facts, as discussed in Fiberglass Insulators's brief, serve to identify DPH as a purported debtor or obligor of Fiberglass Insulators. Thus, DPH has standing to challenge the Affidavits. *See id.*

Fiberglass Insulators also asserts that this Court lacks subject-matter jurisdiction because "the issue before the Court is moot." Fiberglass Insulators contends, in short, that there is neither a live controversy nor a party with "a legally cognizable interest in the outcome." In this regard, Fiberglass Insulators contends, "DPH never owned any of the properties at issue in the Affidavits, and all the properties are currently owned by third parties not subject to this appeal or fraudulent transfer action." Fiberglass Insulators asserts that "[e]ach of the 36[sic] properties on which the Affidavits were filed by Fiberglass Insulators has since been sold or transferred to third parties." In support of this assertion, Fiberglass Insulators has attached documents to its brief that are not a part of the appellate record.

■ Fiberglass Insulators's argument does not support a conclusion that DPH's claims are moot. As mentioned, Government Code section 51.903 permits persons who are identified in the instrument as debtors or obligors to bring an action for judicial review of the instrument. *See id.* Ownership of the real property identified in the instrument is not a prerequisite to maintain the action. Thus, DPH's lack of ownership of the property does not render the appeal moot. *See id.*

■ Fiberglass Insulators further asserts that the appeal is moot because "there is no evidence provided in the record, or otherwise, that the Affidavits caused any damages to DPH" or to any other party. This argument also fails. To maintain an action for judicial review of an instrument purporting to create a lien or claim, section 51.903 does not require the plaintiff to assert or to show damages. *See id.* Thus, a failure to prove damages does not render the appeal moot.

### Validity of Trial Court's Finding

In its first issue, DPH contends that the trial court "erred in finding that the Affidavits are provided for by the constitution or laws of Texas or the United States" and, as a result, are not "fraudulent" as defined in Government Code section 51.901.

### A. Standard of Review

■ We agree with DPH that the appropriate standard of review of the trial court's finding that the Affidavits are not fraudulent is de novo review. Here, the trial court was not charged with making actual fact determinations; that is, there were no disputed facts before the trial court. The contents of the Affidavits are undisputed. The trial court properly considered no other evidence in making its finding. *See id.* § 51.903(c) (providing

that court may determine whether instruments or documents are "fraudulent" based "solely on review of the documentation or instrument attached to the motion and without hearing any testimonial evidence"). Instead, the trial court was charged with determining whether the Affidavits attached to DPH's Motion for Judicial Review are "fraudulent," as defined in Government Code section 51.901.

■ Whether the Affidavits are "fraudulent," as statutorily defined, is a question of law. *See State ex rel. Dep't of Criminal Justice v. VitaPro Foods, Inc.,* 8 S.W.3d 316, 323 (Tex.1999) (stating, in agricultural commodity case, that when facts are undisputed, whether something meets statutory definition at issue is question of law); *Univ. of Tex. v. Poindexter,* 306 S.W.3d 798, 810 (Tex.App.-Austin 2009, no pet.) (explaining that issue of whether letters to EEOC were adequate to allege retaliation or could reasonably be expected to give rise of an investigation of retaliation were questions of law, when contents of letters were undisputed); *Odessa Tex. Sheriff's Posse, Inc. v. Ector County,* 215 S.W.3d 458, 472 (Tex.App.-Eastland 2006, pet. denied) (stating that, because facts were undisputed as to content of notice under Open Meetings Act, determination of adequacy of notice was question of law). We review questions of law de novo. *Stockton v. Offenbach,* 336 S.W.3d 610, 615 (Tex.2011). Thus, we apply the de novo standard in this appeal.

### B. Statutory Provision for Affidavits of Notice to Potential Transferees

The parties agree that the central issue is whether the trial court erred when it determined that the Affidavits of Notice to Potential Transferees are provided for by specific state or federal statute or constitutional provision, an implicit determination that the Affidavits are not fraudulent.

DPH first focuses on the title of the instruments at issue here: "Affidavits of Notice to Potential Transferees." DPH contends that its "computerized legal research" did not locate any state or federal statutory or constitutional provision authorizing the filing of a document so named.

Although the title of a document may in some instances have some bearing on a court's determination of whether the document is provided for by the constitution or laws of Texas or the United States, it is the substance of the document that determines whether it is fraudulent. By analogy, courts look to the substance of a motion or a pleading, rather than its caption or format, to determine the nature of the filing. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980) (explaining that "[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it"). In the present context, it will be the substance, not the title, of the document or instrument that creates a lien or a claim against property. Thus, it follows that the substance of the instrument or document should be the focus in determining whether it is provided for by a state or federal statute or constitutional provision.

Here, Fiberglass Insulators contends that the Affidavits are provided for by Texas statute. It points out that the Affidavits contain the required elements of a notice of lis pendens, as set forth in Property Code section 12.007. *See* TEX. PROP. CODE ANN. § 12.007 (Vernon Supp. 2010).

"[D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property," a party seeking affirmative relief may file a lis pendens in the real property records of the county where the property is located. TEX. PROP. CODE ANN. § 12.007(a) (Vernon 2004). Generally speaking, the purpose of lis pendens notice is twofold: (1) to protect the filing party's alleged rights to the property that is in dispute in the lawsuit and (2) to put those interested in the property on notice of the lawsuit. *See World Sav. Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 303 (Tex.App.-Houston [14th Dist.] 2008, no pet.); *see also Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex.App.-Austin 2007, pet. denied). A lis pendens does not prevent conveyance; it merely puts the purchaser on notice as to the status of the land. *See Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 418 (Tex.App.-Fort Worth 2009, no pet.).

The notice must contain certain information, including (1) the style and cause number of the proceedings, (2) the court where it is pending, (3) the names of the parties, (4) identification of the kind of proceedings, and (5) a description of the property affected. TEX. PROP.CODE ANN. § 12.007(b). A properly filed lis pendens is not itself a lien; rather it operates as constructive notice "to the world of its contents." *See* TEX. PROP.CODE ANN. § 13.004(a) (Vernon 2004); *see also B & T Distribs., Inc. v. White*, 325 S.W.3d 786, 789 (Tex.App.-El Paso 2010, no pet.).

To reiterate, each Affidavit filed by Fiberglass Insulators provides in relevant part:

3. The purpose of this Affidavit is to provide notice to potential buyers of the below described real property that the real property described below is involved in a lawsuit in Harris County, Texas, and that, subject to the outcome of the litigation, any future sales of the real property may be avoided by the Court. The real property is described as follows:

[specific property description]

4. On January 10, 2010, M.L. Rendleman Company, Inc. d/b/a Fiberglass Insulators filed a lawsuit, cause number 2010–02129; styled *M.L. Rendleman Company, Inc. d/b/a Fiberglass Insulators v. David Powers Homes, Inc., DJPH, LLC, d/b/a David Powers Homes, David Powers, Individually, Powers Commercial Corporation, David Powers Homes ST, LTD., and Rhoda J. Powers, Individually, in the 270th Judicial District Court, Harris County Texas.*

5. The current lawsuit alleges among other things that the real property described above was transferred in violation of Chapter 24 of the Texas Business and Commerce Code, otherwise known as the Uniform Fraudulent Transfer Act. One of the remedies expressly allowed under the Texas Fraudulent Transfer Act, is avoidance of the transfer. Accordingly, this affidavit provides notice that a transfer of the real property described above may be avoided by the Court in the above-referenced lawsuit.

In its reply brief, DPH acknowledges that the Affidavits contain the information statutorily required for a notice of lis pendens. Indeed, the Affidavits (1) set forth the style and cause number of the proceedings, (2) provide the name the court where it is pending, (3) state the names of the parties, (4) identify the kind of proceedings, and (5) provide a description of the property affected. *See* TEX. PROP.CODE ANN. § 12.007(b).

Nonetheless, DPH contends that the Affidavits "are qualitatively different from lis pendens, and so much so that they manifestly are not the type of filing authorized by the lis pendens statute." DPH asserts that the Affidavits "are qualitatively different from lis pendens" because the Affidavits contain information in addition to what is required by the lis pendens statute. DPH argues that the "additional content" in the Affidavits does not serve to give notice "of a pending lawsuit that impacts title to real property" but instead "serve[s] as a warning" that the properties identified in the Affidavits "are off limits to new buyers that do not want to be sued." DPH asserts that the Affidavits are not the type of notice authorized by the lis pendens statute; rather, they are a form of "economic terrorism" designed to dissuade purchasers from buying the property identified in the Affidavits.

To support this assertion, DPH contends that the statement in the Affidavits that a transfer of the real property described in the Affidavit may "be avoided by the Court" pursuant to TUFTA is a "false [statement] under the substantive law." DPH asserts that the statement is legally incorrect with respect to the transfer of the properties identified in the Affidavits; that is, the transfers would not be avoided pursuant to the TUFTA as represented by Fiberglass Insulators in the Affidavits.

 We agree with Fiberglass Insulators that DPH's contentions exceed the scope of Government Code sections 51.901 and 51.903. Section 51.903 limits the trial court's determination to whether the document or instrument is fraudulent as defined by section 51.901. *See* TEX. GOV'T CODE ANN. § 51.903(a), (g). The court may not rule on the validity of the underlying lien itself or claim between the parties. *See In re Purported Liens or Claims Against Samshi Homes, L.L.C.,* 321 S.W.3d 665, 667 (Tex.App.-Houston [14th Dist.] 2010, no pet.); *Becker v. Tropic Isles Ass'n,* No. 13–08–00559–CV, 2010 WL 877569, at *3 (Tex.App.-Corpus Christi Mar. 11, 2010, pet. denied) (mem. op.). As explained by the Amarillo Court of Appeals,

By continually mentioning the document or instrument itself and alluding to the limited nature of the decision, the statute [section 51.903] was intended to address not the validity of the purported lien or interest in the property but the legitimacy of the document manifesting the purported lien or interest. Thus, the court is not to adjudicate whether the lien or interest is legitimate but only whether the documents are.

*In re Hart*, No. 07–98–0292–CV, 1999 WL 225956, at *2 (Tex.App.-Amarillo Apr. 15, 1999, no pet.) (not designated for publication).

The legislative history of Government Code section 51.903 supports this view. Section 51.903 was enacted as part of House Bill 1185, passed in 1997. *See* Act of May 10, 1997, 75th Leg., R.S., Ch. 189, § 14, sec. 51.903, 1997 Tex. Sess. Law. Serv. 1045, 1053 (current version at Tex. Gov't Code Ann. § 51.903 (Vernon 2005)). The Senate's Bill Analysis explains the impetus behind the passage of Bill 1185, as follows:

> Currently, individuals and organizations have begun to take action based on their refusal to recognize the authority and sovereignty of the government of the State of Texas. These entities have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the secretary of state and many county and district court clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. These filings have clogged the channels of commerce and have amounted to harassment and intimidation of both public officials and ordinary citizens. This bill provides both civil and criminal remedies for those against whom such fraudulent filings have been made.... *This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain an expedited legal process to obtain a court order declaring the filing to be fraudulent. ...*

Senate Research Ctr., Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997) (emphasis added). The legislative history of section 51.903 shows that it was enacted as part of a statutory scheme to quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law. Thus, the bill analysis supports the view that the statute was not created to determine the legitimacy and validity of the claimed interest in the property, but was instead enacted to expeditiously determine the legitimacy of the document manifesting the purported lien or interest.

The opinion in *Samshi Homes* illustrates the application of these principles. 321 S.W.3d at 667–68. There, Samshi Homes, the owner of five parcels of real property, filed a motion pursuant to Government Code section 51.903, asserting that lien claims filed against the properties by Jesse De Leon were fraudulent as defined by section 51.901(c)(2). *Id.* at 666. The trial court denied Samshi Homes's motion, and it appealed. *Id.*

On appeal, Samshi Homes acknowledged that the instruments in question were attempts to create mechanic's liens pursuant to Property Code section 53.054. *Id.* at 667. Nonetheless, Samshi Homes argued that "the instruments did not meet the requirements of that section because they did not provide (1) 'the name and last known address of the owner or purported owner,' or (2) 'a general statement of the kind of work done and materials furnished by the claimant.'" *Id.* Samshi Homes also asserted that it had proven through

affidavit testimony that it never had an agreement with De Leon. *Id.* It further pointed out De Leon had misidentified the owner of the properties in the lien instruments as Vinay Karna and asserted that because De Leon did not allege an agreement with Samshi Homes, the true owner of the properties, the lien claims were fraudulent. *Id.*

In its opinion, the court of appeals explained that Samshi Homes' contentions fall into two categories. *Id.* The first category was "those challenging whether De Leon's instruments fulfilled the requirements of section 53.054(a) (i.e., name and address of owner and general statement of work and materials)." *Id.* The second category was "those raising substantive evidentiary issues (i.e., that Karna did not own the property and did not contract with De Leon)." *Id.*

The court concluded, "All of Samshi Homes' contentions … go beyond the scope of sections 51.901 and 51.903 of the Government Code." *Id.* It explained, "In a proceeding pursuant to those sections, a trial court is limited to determining whether a particular instrument, or instruments, is fraudulent as therein defined; it may not rule on the validity of the underlying lien itself or other claims between the parties." *Id.* (citing Tex. Gov't Code Ann. § 51.903(a), (g)); *Becker,* 2010 WL 877569, at *3; *Hart,* 1999 WL 225956, at *2). The court reasoned that because Samshi Homes acknowledged that the documents filed by De Leon were in the form of mechanics liens, the documents were instruments "provided by the … laws of this state" and were "therefore not presumed to be fraudulent under section 51.901(c)(2)(A)." *Id.* The court concluded, "Samshi Homes['s] complaints based on section 53.054 are therefore beyond the

scope of the current proceedings." *Id.* at 668.

The court further concluded that "Samshi Homes' substantive evidentiary claims—that it, rather than Karna, owned the subject properties and that Karna never entered into an agreement with De Leon—are also beyond the scope of the section 51.903 proceedings." *Id.* (citing *Becker,* 2010 WL 877569, at *3 (holding that movant converted his Motion for Judicial Review into an action seeking declaratory judgment by requesting rulings on underlying rights of the parties)).

Although it is factually distinct from the instant case, *Samshi Homes* provides guidance in the application of the controlling principles. *Samshi Homes* also illustrates that the determination to be made in a section 51.903 proceeding is a narrow one.

 Here, DPH does not dispute that the Affidavits contain all of the information required in Property Code section 12.007(b) to constitute a notice of lis pendens. Instead, DPH contends that the Affidavits contain too much information, namely, that a transfer of the real property described in the affidavit may be avoided by the court in the pending lawsuit pursuant to TUFTA. DPH intimates that this additional information transforms the Affidavits from a notice of lis pendens into a coercive threat levied for the purpose of harming DPH economically. It asserts this is demonstrated by Fiberglass Insulators's purported misstatement of the law that any transfers of the property may be avoided under TUFTA. DPH further asserts that Fiberglass Insulators's ill motives in filing the Affidavits are shown by its failure to request that any property transfers be set aside in the lawsuit identified in the Affidavits.[2]

---

**2.** DPH informs this Court that district courts in Fort Bend, Galveston, and Montgomery

For us to agree with DPH, we would have to ignore that the Affidavits contain all the statutory requirements of a notice of lis pendens. *See* TEX. PROP.CODE ANN. 12.007(b). We would also have to focus solely on the provision of the Affidavits warning potential purchasers of the possibility that the property transfer might be set aside. And we would have to read subjective ill motives into Fiberglass Insulators's inclusion of the additional information regarding its possible remedy in the lawsuit identified in the Affidavits. DPH provides us with no authority to view the Affidavits in such a manner or to penalize a party asserting a claim in property for including information beyond that which is required to assert the claim. Such a reading of the Affidavits would require us to exceed the scope of what is permitted by Government Code sections 51.901 and 51.903. *See Samshi Homes,* 321 S.W.3d at 667. Moreover, DPH's claim that TUFTA does not provide for avoidance of a property transfer under the circumstances presented and its assertion that Fiberglass Insulators has not requested an avoidance of the property transfers are also matters that go beyond the scope of a section 51.903 proceeding. Assertions such as these cannot be considered in determining whether the Affidavits are fraudulent as defined in section 51.901 but are more appropriately raised in other types of legal actions. *See id.*

For example, a party to an action in connection with which a notice of lis pendens has been filed may apply to the court in which the action is pending to expunge the notice. *See* TEX. PROP.CODE ANN. § 12.0071(a) (Vernon Supp. 2010). The court must grant the motion if (1) "the pleading on which the notice is based does not contain a real property claim," or (2) "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." TEX. PROP.CODE ANN. § 12.0071(c).

We conclude that because the Affidavits contain all of the information statutorily required to constitute a notice of lis pendens, the Affidavits filed by Fiberglass Insulators are instruments "provided for by the ... laws of this state" and are therefore presumed not to be fraudulent

Counties have found similar affidavits filed by Fiberglass Insulators to be "fraudulent" documents—as defined by section 51.901—in section 51.903 proceedings instituted by DPH in those courts. DPH attaches certified copies of the judicial findings and conclusions from those proceedings and requests this Court to take judicial notice of those findings. The findings from the other district courts were not provided to the trial court in this case. Our review of the trial court's ruling, although de novo, is limited by the record before us. *See Hinojosa Auto Body & Paint, Inc. v. Finishmaster, Inc.,* No. 03–08–00361–CV, 2008 WL 5210871, *5 (Tex.App.-Austin 2008, Dec. 12, 2008, no pet.) (mem. op.) (stating that review on appeal of trial court's grant of summary judgment, although de novo, is limited by the record before appellate court). Even assuming that we take judicial notice of the findings by the various district courts, DPH fails to explain how the findings appropriately influence the determination of whether the Affidavits in this case are fraudulent. Nothing in the statutory scheme provides for consideration of such information in determining whether a document or instrument is fraudulent. Under the statute, a court may make its determination based on a review of the instrument itself without considering other evidence. *See In re Purported Liens or Claims Against Samshi Homes, L.L.C.,* 321 S.W.3d 665, 666 (Tex.App.-Houston [14th Dist.] 2010, no pet.). Moreover, a court is limited to determining whether an instrument is fraudulent as defined under the statute and may not rule on other claims between the parties. *See id.* at 667. Thus, we decline to consider the findings in our determination of whether the trial court erred when it determined that the Affidavits were not fraudulent. *See* TEX. GOV'T CODE ANN. § 51.903 (Vernon 2005).

under section 51.901(c)(2)(A). *See Samshi Homes,* 321 S.W.3d at 667. We hold that the trial court did not err in finding that the Affidavits are specifically provided for by specific state or federal statutes or constitutional provisions, and as a result, are not "fraudulent" as defined in Government Code section 51.901.[3]

We overrule DPH's first issue.

### Specificity of Finding

In its second issue, DPH complains that the trial court did not identify the specific state or federal statute or constitutional provision that permits the filing of the Affidavits. DPH acknowledges that the trial court's Judicial Finding and Conclusion "complies with § 51.903(e) and is in the form prescribed by § 51.903(g)." DPH writes, "Since DPH submitted the form of the Finding with the Motion, it does not contend that the trial court erred in using the form." Instead, DPH suggests that we "should instruct the district court that, on a determination that a document is provided for by the constitution or laws of Texas or the United States, the source should be specifically identified." It states that this will "ensure efficient and effective review of future findings."

 We have no jurisdiction to render advisory opinions. *Tex. Ass'n of Bus.,* 852 S.W.2d at 444. Courts do not function to determine questions not essential to the decision of an actual controversy, even if such questions may, in the future, require adjudication. *McKenzie v. McKenzie,* 667 S.W.2d 568, 570 (Tex.App.-Dallas 1984, no

writ). Thus, we cannot consider DPH's request.

We overrule DPH's second issue.

### Conclusion

We affirm the judgment of the trial court.

---

3. Our holding is limited to our determination that the trial court properly denied DPH's "Ex Parte Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien or Claim," filed pursuant to Texas Government Code section 51.903. *See* TEX.

GOV'T CODE ANN. § 51.903. We make no determination whether the Affidavits are properly filed notices of lis pendens or whether Fiberglass Insulators has a valid interest in the real property identified in the Affidavits.