**Opinion issued May 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01007-CV

————————————

## TU NGUYEN, Appellant

## V.

## SLK & ASSOCIATES, LLC, Appellee

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 13-CV-0796

## MEMORANDUM OPINION

Appellant, Tu Nguyen, challenges the trial court's judgment entered in favor of appellee, SLK & Associates, Inc. ("SLK"), declaring that SLK has title to and possession in fee simple of the entirety of certain real property and quieting title in and to SLK. In three issues, Nguyen contends that the trial court "exceeded its

authority" in entering its judgment in favor of SLK on its counterclaim that it had filed in response to Nguyen's "Amended Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim"[1]; erred in deeming admitted the authentication of certain documents; and erred in "not conforming" with court rules and cited authority. In its briefing, SLK "suggests" that Nguyen's appeal is frivolous.[2]

We affirm.

### Background

In his Amended Motion for Judicial Review, filed on July 3, 2013, Nguyen alleged that Relative Lending, LLC ("Relative") had filed in the real property records of Galveston County a fraudulent deed of trust regarding real property located at 22509 Kennedy Drive, Galveston, Texas (the "property"). He attached to his motion a copy of the deed of trust, which does not include the signature page, but otherwise reflects that it was executed on December 21, 2012 to secure a loan of $150,000.00 from Relative to Nguyen's company, N Investment Group, LLC ("N Investment"). Nguyen also attached to his motion a copy of a Trustee's Deed, which reflects that, after N Investment failed to repay the loan, Relative

---

[1]     *See* TEX. GOV'T CODE ANN. § 51.903 (Vernon 2013).

[2]     *See* TEX. R. APP. P. 45.

2

foreclosed on its deed of trust and SLK purchased the property at the foreclosure sale.

Nguyen argued that Relative's deed of trust, which he executed on behalf of N Investment in 2012, was "fraudulent" because N Investment did not actually exist after 2008. He further asserted that SLK's Trustee's Deed, which was derived from the foreclosure on Relative's deed of trust, was likewise invalid. And Nguyen attached to his motion copies, certified by the Nevada Secretary of State, of N Investment's May 5, 2006 articles of organization; its Operating Agreement, showing that Nguyen was its sole member and owner; and a "Certificate of Existence with Status of Revocation," showing that N Investment was in revocation as of June 1, 2008. After the trial court concluded in a July 13, 2013 order that SLK's Trustee's Deed was invalid,[3] Nguyen sent to SLK a letter, informing it that it was "no longer the legal owner" of the property.

On July 15, 2013, SLK moved for a new trial, asserting that on December 21, 2012, Nguyen, as sole member and owner of his limited liability company, N Investment, had "signed a collection of documents" to obtain a loan from Relative in the amount of $150,000.00; the loan was secured by a deed of trust on the property, which Nguyen had previously conveyed to N Investment; after N Investment did not repay the loan, Relative foreclosed on the property; and SLK

---

[3]     *See* TEX. GOV'T CODE ANN. § 51.903.

then purchased the property at the foreclosure sale and obtained the Trustee's Deed. SLK further asserted that Nguyen had improperly used the trial court to invalidate the deed of trust, which he had executed to obtain the loan from Relative, and SLK's Trustee's Deed. After a hearing, the trial court vacated its July 13, 2013 order in which it had concluded that SLK's Trustee's Deed was invalid, and it granted SLK a new trial.

SLK then filed its counterclaim, asserting that after Nguyen had improperly obtained the trial court's July 13, 2013 order to invalidate the deed of trust, he recorded the order in the real property records of Galveston County, impairing the marketability of the property. SLK noted that Nguyen had also sued it in the 212th District Court of Galveston County, making essentially the same allegations that he had made in the trial court below and seeking a judgment to invalidate the foreclosure sale to SLK. And he had filed a notice of lis pendens on the property. SLK further noted that after it had answered the lawsuit in the 212th District Court and the trial court below had directed the consolidation of the two lawsuits, Nguyen, without notice to SLK, obtained the dismissal of his lawsuit in the 212th District Court. SLK sought a declaration that its Trustee's Deed is valid, it owns record title to the property, and neither Nguyen nor N Investment has any interest in the property. It also sought removal of Nguyen's notice of lis pendens.

At an evidentiary hearing, SLK offered into evidence a certified, complete copy of Relative's deed of trust, which includes the signature page bearing Nguyen's signature. After Nguyen affirmatively stated that he did not object to the document, the trial court admitted it into evidence. Nguyen did not testify at the hearing, but objected to the trial court's deeming admitted by him the authentication of certain documents. And he contended that the trial court did not have jurisdiction to consider SLK's counterclaims.

In its final judgment, the trial court ordered that SLK have and recover from Nguyen and N Investment "title to and possession in fee simple" of the property, unencumbered by any claim or cloud that arose as a result of its July 13, 2013 order or Nguyen's notice of lis pendens. It awarded SLK attorney's fees in the amount of $3,500. And it subsequently issued findings of fact and conclusions of law. The trial court specifically found:

(1) [Nguyen] claims to own certain real property legally described as follows: Lots 14 and 39 of Sea Isle, Section 23, a subdivision of Galveston County, Texas . . . .

(2) [N Investment] is a Nevada Limited Liability company of which [Nguyen] is the sole owner and member. On December 21, 2012, [N Investment] borrowed $150,000.00 from a lender, [Relative]. The loan was secured by a deed of trust lien on the property. However, the Secretary of State had forfeited or canceled [N Investment's] existence for failure to file an annual list of managing members and a designation of registered agent, and for failing to pay the applicable fee for those filings.

5

(3)    In order to obtain the $150,000.00 loan from [Relative], [Nguyen] provided certain assurances to the title company [that] closed the transaction that his corporate entity was reinstated, so that his loan could be secured by a deed of trust lien on the property. The title company that insured the loan . . . did so based on [Nguyen's] purported proof that he had reinstated his company with the state of Nevada, plus his affidavit that his LLC owned the property, and that the mortgage documents would be valid and enforceable obligations. . . .

(4)    The title company . . . wired $105,779.01 into a bank account in the name of [Nguyen]. Another $28,456.51 was paid to the Galveston County tax assessor to pay off a judgment against [Nguyen] and [N Investment] . . . .

(5)    [Nguyen] did not repay the loan, so [Relative] foreclosed its deed of trust lien. SLK . . . purchased the property at the foreclosure sale on June 4, 2013, for $185,000.00.

(6)    On June 18, 2013, [Nguyen] filed a motion with this court under section 51.903 of the Texas Government Code, asking the court to find that the deed of trust that created the lien on the property in favor of [Relative] was fraudulent on its face, on the ground that N Investment, LLC, was no longer an active corporate entity when it executed the deed of trust. Proceeding ex parte, [Nguyen] obtained [the trial court's grant of] relief. [Nguyen] then recorded that Order in the Real Property Records of Galveston County. That Order was subsequently vacated and set aside on motion for new trial filed by [SLK].

(7)    Then, [Nguyen] brought suit in the 212th District Court of Galveston County, asserting essentially the same allegations made in this proceeding, and seeking that Court's judgment invalidating the foreclosure sale to [SLK]. After [SLK] answered that suit, and after this Court directed the transfer or consolidation of that lawsuit with these proceedings. [Nguyen] moved for the dismissal of that suit and, without providing any notice to [SLK], caused that suit to be dismissed, without prejudice. However, when [Nguyen] filed his petition in the

212th District Court, he also filed a notice of lis pendens in the Galveston County Real Property Records. [Nguyen] presented an order to the 212th District Court, providing for the dismissal of his case, but that order failed to expunge, remove or otherwise address the notice of lis pendens which he had caused to be filed in the Real Property Records.

(8)     [SLK's] reasonable attorney's fees amount to the sum of $3,500.00.

The trial court concluded:

(1)     Because [Nguyen] has asserted his own personal claim of ownership of the property [and] because he has allowed his Nevada limited liability company to become defunct, which [Nguyen] purposefully caused to happen, and then misled a title company into believing that he had arranged to have his corporate entity reinstated, and then personally received a substantial sum of money from a lender based on those misrepresentations, [Nguyen] is now estopped form making the assertions that he has made in this proceeding, and in the 212th District Court, and in the Galveston Real Property Records, that the title to the property was vested in him in his individual capacity, free and clear of the deed of trust lien created to secure the loan.

(2)     The unresolved lis pendens, coupled with the recordation of this Court's prior order (since vacated), constitute a cloud on [SLK's] title to the property, which [SLK] is entitled to have removed, so that title to the property may be quieted in [SLK].

(3)     [SLK] is entitled to recover reasonable attorney's fees from [Nguyen] or [N Investment] . . . .

**Scope of the Proceeding**

In his first issue, Nguyen argues that the trial court "acted outside its jurisdiction" in ruling on SLK's counterclaim because in doing so it "exceeded the

7

scope and purpose" of his Amended Motion for Judicial Review, which was governed by statute. *See* TEX. GOV'T CODE ANN. § 51.903 (Vernon 2013).

Section 51.903 provides a statutory scheme to "quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law." *David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 338 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A person who is a "purported debtor or obligor or who owns real . . . property or an interest in real . . . property and who has reason to believe that [a] document purporting to create a lien or a claim against the real . . . property . . . is fraudulent" may file a motion for judicial review with a district clerk. TEX. GOV'T CODE ANN. § 51.903(a). A trial court's finding on the issue "may be made solely on a review of the documentation or instrument attached to the motion" and "made ex parte without delay or notice of any kind." *See id*. § 51.903(c). Section 51.903 limits the trial court's determination as to whether the document or instrument is fraudulent as defined by section 51.901. *See id*. § 51.903(a), (g). A trial court may not rule on the validity of the underlying lien or claim between the parties. *See David Powers Homes, Inc.*, 355 S.W.3d at 337.

A document or instrument is presumed to be fraudulent if it purports to create a lien or assert a claim or interest against property and it:

(A)    is not a document or instrument provided for by the constitution or laws of this state or of the United States;

8

(B)     is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real . . . property or an interest in the real . . . property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

(C)     is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

TEX. GOV'T CODE ANN. § 51.901(c)(2)(A)-(C) (Vernon 2013).

Here, in his Amended Motion for Judicial Review, Nguyen argued that Relative's lien was "fraudulent" because it had "accepted and caused to be recorded a certain Deed of Trust signed by a non-existen[t] entity named N Investment Group, LLC." He further argued that, because the documents that he had attached to his motion "conclusively confirmed . . . that N Investment has been in non-existence since June 1, 2008," Relative, "as a matter of law," had "no legal standing to claim to be the beneficiary of the original deed of trust" that he had executed on behalf of N Investment in 2012. And Nguyen asserted that, although Relative transferred the deed of trust to SLK, a "void instrument passes no title" and "the fact that the grantee-mortgagee [SLK] is an innocent purchaser makes no difference." Nguyen asked the trial court to "review the attached documentation or instrument" and "enter an order determining whether it should be accorded lien status, together with such other orders as the court deems appropriate."

9

We first note that the legislature enacted section 51.903 to protect citizens from harassment and intimidation by providing an expedited review process to address an onslaught of fraudulent liens on real and personal property being filed in the offices of the secretary of state and district and county clerks by individuals and organizations who refused to recognize the authority and sovereignty of the government of the State of Texas. *See* Senate Research Ctr., Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997). In this case, Nguyen has not provided any authority to support his use of section 51.903 to remove a lien that could only be considered "fraudulent" by virtue of his own admittedly false representations made to the lienholder to induce it to loan him $150,000.00. Indeed, he does not allege that Relative or SLK perpetrated a fraud of any kind to obtain the lien on the property.

Nguyen's Amended Motion for Judicial Review does contain the "suggested" language provided in section 51.903(a), namely, that he did "not request the court to make a finding as to any underlying claim of the parties involved and acknowledge[d] that this motion d[id] not seek to invalidate a legitimate lien." *See* TEX. GOV'T CODE ANN. § 51.903(a). However, the substance of Nguyen's motion reflects that he sought much more than a determination of whether the deed of trust and Trustee's Deed were facially fraudulent. Nguyen in fact asked the trial court to review the many documents that he had attached to his

motion, determine that N Investment did not exist at the time that he signed the deed of trust, and declare the invalidity of Relative's deed of trust and SLK's Trustee's Deed. *See David Powers Homes, Inc.*, 355 S.W.3d at 338 (noting section 51.903 provides statutory scheme to quickly identify and remove only liens and encumbrances patently without basis in recognized law).

"[T]he legal effect of a pleading in Texas is not determined by its style or name, but by its contentions and purpose." *Krishnan v. Ramirez*, 42 S.W.3d 205, 224 (Tex. App.—Corpus Christi 2001, pet. denied) (citations omitted). Here, Nguyen, based on documents extrinsic to the four corners of the deed of trust, requested that the trial court declare that N Investment did not exist in 2012. He also asked that the court declare that the underlying deed of trust and Trustee's Deed were invalid, converting his motion into a declaratory-judgment action. *See Becker v. Tropic Isles Ass'n*, No. 13–08–00559–CV, 2010 WL 877569, at *3 (Tex. App.—Corpus Christi 2010, pet. denied) (mem. op.) (noting "by asking the trial court to issue rulings beyond whether the challenged documents were fraudulent," movant, under Government Code, "converted his Motion for Judicial Review into an action seeking a declaration" of rights). Indeed, Nguyen specifically requested that the trial court "enter an order determining whether [SLK's Trustee's Deed] should be awarded lien status, together with such orders as the court deems appropriate."

The purpose of the Declaratory Judgments Act ("DJA") is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." TEX. CIV. PRAC. & REM. CODE § 37.002(b) (Vernon 2015). The DJA provides in relevant part, "A person interested under a deed . . . may have determined any question of . . . validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a) (Vernon 2015). A trial court may allow a defensive counterclaim for declaratory judgment if it presents more than a mere denial of the plaintiff's claim and has "greater ramifications than the original suit." *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841–42 (Tex. 1990); *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 251–52 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A counterclaim has greater ramifications than the original suit if it seeks affirmative relief, in that it alleges a cause of action independent of the plaintiff's claim on which the defendant could recover benefits, compensation, or relief, even if the plaintiff were to abandon or fail to establish his cause of action. *BHP Petroleum*, 800 S.W.2d at 841–42.

Here, SLK filed its counterclaim to obtain a declaration of the validity of its Trustee's Deed, to settle future disputes by removing the clouds created by the trial court's July 13, 2013 order and Nguyen's notice of lis pendens, and to obtain an

award of attorney's fees.[4]  Thus, SLK sought relief beyond that sought by Nguyen. *See Guniganti*, 346 S.W.3d at 251–52.  Accordingly, we hold that the trial court had jurisdiction to address SLK's counterclaim for declaratory relief.

We overrule Nguyen's first issue.

### Deemed Admissions

In his second issue, Nguyen argues that the trial court erred in deeming admitted by him the authentication of certain documents because SLK "failed to establish" that he "actually received" its requests for admissions.  *See Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.) (noting "duty to respond does not ripen until service has been perfected").

When a party does not respond to requests for admissions within thirty days, the matters in the requests are deemed admitted against him and conclusively established unless the trial court permits withdrawal or amendment of the admissions.  TEX. R. CIV. P. 198.2, 198.3; *Wal–Mart Stores, Inc., v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998).  Withdrawal or amendment of an admission is

---

[4]  We note that the trial court awarded SLK its requested attorney's fees, and an award of attorney's fees is generally not permissible in a suit to remove a cloud on a title. *See Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  Here, however, SLK sought more than to remove a cloud on its title to the property—it sought a declaratory judgment concerning the validity of its Trustee's Deed.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2015); *see also Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 253 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  In a proceeding under the DJA, as here, a trial court may award costs and reasonable attorney's fees as are equitable and just.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2015).

13

permitted on a showing of good cause and a finding by the trial court that (1) the party relying on the deemed admission will not be unduly prejudiced, and (2) presentation of the merits of the action will be served thereby. TEX. R. CIV. P. 198.3; *Deggs*, 968 S.W.2d at 356; *Boulet v. State*, 189 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Good cause is established by showing [that] the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005).

Although a trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Id.* at 443. We review a trial court's ruling for an abuse of discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996).

At the evidentiary hearing, SLK requested that the authentication of the following documents be deemed admitted by Nguyen's failure to answer its requests for admissions:

(1)  The documents attached to this Request as Exhibit "A" are true copies of documents which:

   a. purport[] to reflect action taken, including the payment of sums necessary to reinstate [N Investment], to active corporate status with the State of its incorporation; [and]

   b. were presented to [title company] in order to obtain a mortgage loan in the name of [N Investment], from [Relative] and secured by the property.

14

(2)    The document attached to this Request as Exhibit "B" is a true copy of a document generated by [title company] . . . reflecting its disbursement of the proceeds of a mortgage loan in the name of [N Investment] from [Relative] and secured by the property.

(3)    The document attached to this Request as Exhibit "C" is a true copy of one "Borrower's Affidavit," signed by [Nguyen], in order to obtain a mortgage loan in the name of [N Investment], from [Relative] and secured by the property.

(4)    The document attached to this Request as Exhibit "D" is a true copy of one "Affidavit as to Debts and Liens," signed by [Nguyen] in order to obtain a mortgage loan in the name of [N Investment], from [Relative] and secured by the property.

*See* TEX. R. CIV. P. 198.2(c). SLK's requests for admissions contain a certificate of service signed by counsel certifying that it was served on Nguyen via certified mail, with a copy by regular mail. *See* TEX. R. CIV. P. 21a. After Nguyen verified the address noted in SLK's certificate of service, the trial court deemed admitted the authentication of the documents as requested by SLK over Nguyen's objection that the certified mail receipt was returned "unclaimed" and he did not receive SLK's requests because he "travels."

Nguyen argues that SLK failed to show that it perfected service of its requests for admissions on him because it is undisputed that the certified mail receipt was returned as "unclaimed." However, even if we were to conclude that the trial court erred in deeming admitted the authentication of SLK's documents, we will not reverse a trial court's erroneous evidentiary ruling unless the error

15

probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

SLK, through its requests for admissions, sought only to authenticate the documents, which the trial court admitted into evidence. *See Wheeler*, 157 S.W.3d at 443 (stating requests for admissions intended to "address[] uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents"). Nguyen, in his brief on appeal, makes only a bare assertion that the trial court's "error requires reversal as it was reasonably calculated to cause and did cause the rendition of an improper judgment."

We note that this is not a case in which merits-preclusive matters were admitted. *See id.* Further, the matters in SLK's requests were either admitted through other evidence or do not affect the outcome of this case. By his affidavit attached to his Amended Motion for Judicial Review, Nguyen asserts that he "owned 100%" of N Investment, and his other evidence shows that he was its sole member. And he did not object to the admission into evidence of the certified copy of the complete deed of trust bearing his signature, which reflects that, on December 21, 2012, Relative loaned N Investment $150,000.00 in exchange for a security interest in the property. Whether Nguyen represented to Relative that N Investment had been reinstated or that the title to the property was free of prior encumbrances does not affect the outcome of this case.

16

Accordingly, we hold that Nguyen has not shown that the trial court's ruling probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1.

We overrule Nguyen's second issue.

## Failure to "Conform" with Rules and Cited Authority

In his third issue, Nguyen contends that the trial court, in addressing the matters raised in his first and second issues, erred in "not conforming with the Rules of Court [and] ignoring the cited authorities thus, the trial [court] abused its discretion."

Having overruled his first and second issues, we further overrule Nguyen's third issue.

## Frivolous Appeal

In its brief, SLK "suggests" that Nguyen's appeal is frivolous. *See* TEX. R. APP. P. 45. Other than noting "the potential application of Rule 45 in this case," "submit[ting] the context provided by the records and the briefs," and providing a reference to a summary calendar in a federal case, SLK does not offer a legal argument in support of its suggestion. And SLK has not proferred an amount to compensate it for any just damages incurred as a result of Nguyen's appeal.

To obtain requested relief in a court of appeals, a litigant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). "This

17

requirement is not satisfied by conclusory statements." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.). A failure to provide substantive analysis of an issue or cite appropriate authority waives the complaint. *Id*.; *Cervantes–Peterson v. Tex. Dep't of Family & Protective Servs*., 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Accordingly, we decline to award SLK damages in this appeal.

### Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.