COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BREANN WATERHOUSE and ROBERT WATERHOUSE, | § | No. 08-21-00108-CV |
| | § | Appeal from the |
| Appellants, | | |
| | § | 205th Judicial District Court |
| v. | | |
| | § | of El Paso County, Texas |
| STEPHANIE HARRISON and FNU GOFIT, A/K/A CHARLES D. HARRISON, | § | (TC# 2021DCV0998) |
| Appellees. | § | |

## **O P I N I O N**

Breann and Robert Waterhouse appeal the denial of their Texas Citizens Participation Act ("TCPA") motion asserted in litigation with their former landlords, Stephanie Harrison and Fnu GoFit, also known as Charles D. Harrison.[1] We do not reach the merits, however, because the TCPA motion was rendered moot when the trial court dismissed the underlying claims before the motion was denied as a matter of law. Accordingly, we dismiss this case for lack of jurisdiction.

### *Factual and Procedural Background*

Appellants rented a house from Appellees from August 1, 2019 through January 31, 2021. After Appellees declined to renew the lease and Appellants vacated the property, Appellees

---

[1] This appeal is the companion case of case number 08-21-00124-CV, in which Appellants appeal the trial court's findings of fact and conclusions of law issued following a statutorily authorized judicial review of documentation purporting to create a lien. Both cases share the same relevant factual and procedural history.

returned the balance of Appellants' $1,850 security and pet deposits—which was just $8—with an accounting of itemized deductions as required by Texas Property Code Section 92.104. Dissatisfied with this amount, Appellants responded by sending Appellees a demand letter, alleging Appellees improperly withheld their security deposit to make the home ready for sale, not, as Appellees claimed, for necessary repairs and cleaning. Appellants sued Appellees[2] on March 25, 2021, claiming, among other things, fraud and Texas Deceptive Trade Practices violations, and asking the court for declaratory judgment that because they constructively performed labor and/or furnished materials to improve Appellees' property, Appellants now owned an interest in the property. The following day, Appellants filed a notice of lis pendens based on their alleged interest in the property. On March 29, 2021, the County Court at Law Number 3 entered a temporary restraining order and set a permanent injunction hearing.

Appellees then filed an emergency motion to expunge the lis pendens, contending Appellants' purported interest in the property has no basis in Texas law. Appellees also filed a motion for sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13. Appellants moved to dismiss both the emergency motion to expunge and motion for sanctions under the TCPA, and requested attorney's fees and sanctions under that statute.

The trial court dismissed Appellees' emergency motion to expunge on April 23, 2021, and their motion for sanctions on April 28, 2021. On May 3, 2021, Appellees filed with the district clerk a motion for judicial review of documentation or instrument purporting to create a lien or claim under Texas Government Code section 51.903. On June 17, 2021, the County Court at Law

---

[2] Appellants also sued ELP Rentals, LLP a/k/a Exit Rentals, LLP and Steve Cooney, neither of whom are party to this appeal.

No. 7 issued findings of fact and conclusions of law in which it ruled the documentation purportedly substantiating the lis pendens created no valid lien or claim on the subject property.

Meanwhile, Appellants' TCPA motion was denied as a matter of law on June 14, 2021. *See* Tex.Civ.Prac.&Rem.Code Ann. § 27.008(a)("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.").

In this case, Appellants ask us to grant their TCPA motion, award statutory attorney's fees, and levy sanctions against Appellees. Specifically, Appellants raise two issues on appeal: whether (1) Appellees' motion to expunge lis pendens violates the TCPA; and (2) Appellees' motion for sanctions violates the TCPA. Before reaching the merits, however, we must consider whether Appellants' TCPA claim is moot.

### *Standard of Review*

The mootness doctrine implicates subject-matter jurisdiction, which we review de novo. *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 333–34 (Tex.App.— Houston [1st Dist.] 2011, no pet.).

### *Analysis*

Appellants moved to dismiss Appellees' emergency motion to expunge and motion for sanctions under the TCPA; however, the trial court dismissed both of Appellees' motions before Appellants' TCPA motion was denied by operation of law. Accordingly, we must first decide whether this case is moot. If so, we do not have jurisdiction and must dismiss the case.

A case is moot when there is no longer "a justiciable controversy between the parties or when the parties cease to have 'a legally cognizable interest in the outcome.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018)(quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)).

3

If events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests, the case is moot. *Id.* If a case is moot, we do not have jurisdiction and cannot hear the case because our decision would "constitute an advisory opinion that is 'outside the jurisdiction conferred by Texas Constitution article II, section 1.'" *Id.* (quoting *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016)).

Though Appellants argue otherwise, Appellees contend Appellants' TCPA motion became moot as soon as the trial court dismissed the two motions on which it was based.[3] Thus, Appellees argue, because they do *not* appeal the dismissal of these two motions,[4] this case is solely based on Appellants' attempt to recover attorney's fees for their time spent preparing the TCPA motions or to have sanctions awarded against Appellees. Indeed, Appellants ask us to award attorney's fees and sanction Appellees and their attorneys under the TCPA.

The Texas Supreme Court has recognized that in certain cases, a claim for attorney's fees can "breathe[] life" into a suit that has otherwise become moot. *Id.* at 7 (citing cases). Whether a request for an award of attorney's fees and sanctions presents an issue that survives an otherwise moot appeal depends first on the statute under which the claimant seeks the fees. *Id.* If the claimant seeks fees under a statute which authorizes fees only for the prevailing party, the determination whether the fees claim is moot depends on whether the claimant prevailed before the underlying substantive claim became moot. *Id.*

The TCPA is a prevailing-party statute. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.009(a) (providing when the trial court orders dismissal of a legal action under the TCPA, it "shall award

---

[3] Mootness is sparsely briefed by both parties. However, "we are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004)(per curium).

[4] While Appellants ask us to "affirm the trial court's denial of Appellees' motions," Appellees do not appeal the denial of those motions, so that matter is not properly before us.

4

to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action"). Appellants' TCPA motion was denied by operation of law after the trial court dismissed Appellees' emergency motion to expunge and motion for sanctions. Thus, Appellants' attorney's fees and sanctions claim became moot along with the underlying TCPA claim because they did not prevail before mootness occurred. In other words, this claim is moot because Appellants "can never prevail and thus can never be entitled to attorney's fees." *See Best*, 562 S.W.3d at 7–8 (citing *Speer v. Presbyterian Child.'s Home & Serv. Agency*, 847 S.W.2d 227, 229–30 (Tex. 1993)); *see also Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 531 (Tex. 2019) (dismissing case as moot because TCPA movants were not prevailing parties before the underlying substantive claim became moot).

Accordingly, without reference to the merits, we dismiss this case for want of jurisdiction.


October 24, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley. JJ.