**In re PURPORTED LIENS OR CLAIMS AGAINST SAMSHI HOMES, L.L.C.**

No. 14–09–01018–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 3, 2010.

John C. Juravich, Houston, for appellant.

Jesse De Leon, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

## OPINION

ADELE HEDGES, Chief Justice.

Samshi Homes, L.L.C. appeals from the trial court's denial of its Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien or Claim, filed pursuant to section 51.903 of the Texas Government Code. In its motion, Samshi Homes contended that liens filed by Jesse De Leon against five of its properties were fraudulent. In two issues on appeal, Samshi Homes contends that the trial court erred in denying the motion. We affirm.

### Background

On September 21, 2009, Jesse De Leon filed with the Harris County clerk's office claims of liens against five properties in Harris County. In each instrument, De Leon stated that "in accordance with a contract with [Vinay][1] Karna," De Leon "furnished labor and materials for improvements to the ... property" owned by Karna. De Leon further stated in the instruments that "$4633.00 ... remains unpaid and is due and owing under said contract. [De Leon] asserts a lien on said improvements and premises to secure the payment of the amount claimed."[2]

On October 16, 2009, Samshi Homes filed its motion, alleging that it, and not Karna, was the owner of the five properties on which De Leon had filed the lien claims. The motion further states that Karna never entered into any agreement with De Leon. The motion concludes that the instruments in question "are fraudulent as defined by Section 51.901(c)(2), Government Code, and that the documentation or instruments should therefore not be accorded lien status." In an attached affidavit, Karna averred that he is the "managing member" of Samshi Homes and that the assertions in the motion are true and correct.

The trial court denied Samshi Homes' motion without stating the grounds for the ruling. This appeal ensued.

### Analysis

Section 51.903(a) of the Government Code authorizes a person or entity that owns real property, and has reason to believe that another has filed a document purporting to create a lien against that property, to file a motion with the district clerk alleging that the instrument in question is fraudulent, as defined by section 51.901(c), and therefore should not be accorded lien status. Tex. Gov't Code §§ 51.901(c), 51.903(a). Section 51.903(c) authorizes a district judge with jurisdiction to rule on the motion. *Id.* § 51.903(c). In doing so, the judge may make his or her determination based on a review of the instrument itself, without the benefit of testimonial evidence. *Id.*[3]

---

1. The instruments actually spell Karna's first name as "Vinary," but Samshi Homes asserts that the proper spelling is "Vinay."

2. Based on the addresses and legal descriptions of the five properties in question, they appear to be adjacent parcels of land.

3. Subsection (e) of section 51.903 provides that the trial court should "enter an appropri-

ate finding of fact and conclusion of law" regarding its determination, and subsection (g) sets out a "suggested form order" for this purpose. Tex. Gov't Code § 51.903(e), (g). Although the trial court failed to enter a finding of fact or conclusion of law in the present case, Samshi Homes does not complain about such failure on appeal.

In its motion Samshi Homes alleged that De Leon's lien instruments were fraudulent as defined by section 51.901(c)(2). That section provides that an instrument filed for recording in the property records is presumed to be fraudulent if:

the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

(A) is not a document or instrument provided for by the constitution or laws of this state or of the United States;

(B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

(C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States....

*Id.* § 51.901(c)(2). There is no indication in the record that the instruments in question here were created by consent or agreement as contemplated under subsection (B), or that they were imposed by a court as contemplated under subsection (C). The key issue here is whether the instruments are "provided by the constitution or laws of this state or of the United States" as contemplated by subsection (A).

Samshi Homes acknowledges that the instruments in question are attempts to create mechanic's liens under section 53.054 of the Property Code. However, it argues that the instruments did not meet the requirements of that section because they did not provide (1) "the name and last known address of the owner or purported owner," or (2) "a general statement of the kind of work done and materials furnished by the claimant." Tex. Prop.Code § 53.054(a)(2), (3). Samshi Homes further insists that it proved (through Karna's affidavit) that Karna never entered into an agreement with De Leon. It also argues that because De Leon did not allege an agreement with Samshi Homes, the actual owner of the properties, the claims of lien are fraudulent. Thus, Samshi Homes' contentions fall into two categories: those challenging whether De Leon's instruments fulfilled the requirements of section 53.054(a) (*i.e.*, name and address of owner and general statement of work and materials), and those raising substantive evidentiary issues (*i.e.*, that Karna did not own the property and did not contract with De Leon).

All of Samshi Homes' contentions, however, go beyond the scope of sections 51.901 and 51.903 of the Government Code. In a proceeding pursuant to those sections, a trial court is limited to determining whether a particular instrument, or instruments, is fraudulent as therein defined; it may not rule on the validity of the underlying lien itself or other claims between the parties. *See* Tex. Gov't Code § 51.903(a), (g); *Becker v. Tropic Isles Assoc.*, No. 13–08–00559–CV, 2010 WL 877569, at *3 (Tex. App.-Corpus Christi March 11, 2010, pet. filed) (mem. op.); *In re Hart*, No. 07–98–0292–CV, 1999 WL 225956, at *2 (Tex. App.-Amarillo April 15, 1999, no pet.) (not designated for publication).

As Samshi Homes acknowledges, the instruments De Leon filed are in the form of mechanic's liens.[4] Thus, the documents

---

4. Although Samshi Homes argues that De Leon failed to provide the purported owner's name and address and a general statement of the kind of work done and materials furnished, the instruments themselves show that De Leon attempted to comply with all of the requirements of Property Code section 53.054. Among other information in each instrument, De Leon: (1) averred that the respective property was owned by Karna; (2)

filed by De Leon are instruments "provided by the ... laws of this state" and are therefore not presumed to be fraudulent under section 51.901(c)(2)(A). Samshi Homes complaints based on section 53.054 are therefore beyond the scope of the current proceedings.[5] Likewise, Samshi Homes' substantive evidentiary claims—that it, rather than Karna, owned the subject properties and that Karna never entered into an agreement with De Leon—are also beyond the scope of the section 51.903 proceedings. *See Becker,* 2010 WL 877569, at *3 (holding that movant converted his Motion for Judicial Review into an action seeking a declaratory judgment by requesting rulings on the underlying rights of the parties).

Because Samshi Homes failed to demonstrate that the instruments filed by De Leon were fraudulent under section 51.901 of the Government Code, the trial court did not err in overruling Samshi Homes' Motion for Judicial Review filed pursuant to section 51.903 of the code. Accordingly, we overrule Samshi Homes' two issues.

We affirm the trial court's order.

gave Karna's home address (an address Karna acknowledges was correct); and (3) stated that "in accordance with a contract with [Karna, he (De Leon)] furnished labor and materials for improvements to the ... property." Whether such statements were sufficiently specific to meet the requirements of section 53.054 is beyond the scope of a Motion for Judicial Review filed under Government Code section 51.903.

5. In order to remove the liens as invalid or unenforceable for an alleged failure to meet the technical specifications of section 53.054, Samshi Homes should have filed suit and then a summary motion under section 53.160 of the Property Code. Tex. Prop.Code § 53.160(b)(2). It is further important to realize that in addition to differences in scope, there are significant procedural differences between Government Code section 51.903 and Property Code section 53.160, two remedial mechanisms for property owners. For example, a proceeding pursuant to section 51.903 does not require notice to the claimant who filed the lien, whereas a proceeding pursuant to section 53.160 does require notice. *Compare* Tex. Gov't Code § 53.160(c) (requiring notice) *with* Tex. Prop.Code § 51.903(c) (stating that review may be undertaken "without ... notice of any kind"). The two are not interchangeable.