# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00809-CV

**Charles R. Nickle and Debra Nickle, Appellants**

**v.**

**Fernando Diaz, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 10-831-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

**&**

---

## NO. 03-10-00810-CV

**Charles R. Nickle and Debra Nickle, Appellants**

**v.**

**Jose Hernandez, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 10-832-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellants Charles R. Nickle and Debra Nickle, representing themselves pro se,

filed two proceedings asking the trial court to review documents filed by appellees Fernando Diaz

and Jose Hernandez[1] that purported to create mechanic's liens on the Nickles' property. In their Motion For Judicial Review, the Nickles asserted that the documents filed by Diaz and Hernandez did not create valid liens because they did not comply with the property code. *See* Tex. Prop. Code Ann. § 53.054(a) (West 2007) (listing required contents of affidavit claiming mechanic's lien). Diaz and Hernandez responded, claiming that they had not been paid for all of the work they had performed for the Nickles. They asserted that their liens were not fraudulent and that the Nickles' complaint should have been "raised in a Summary Motion to Remove an Invalid or Unenforceable Lien, pursuant to section 53.160 of the Texas Property Code." *See id.* § 53.160(a) (West 2007) ("In a suit brought to foreclose a lien or to declare a claim or lien invalid or unenforceable, a party objecting to the validity or enforceability of the claim or lien may file a motion to remove the claim or lien."). The trial court denied the Nickles' motions and signed orders in each cause entitled, "Judicial Finding of Fact and Conclusion of Law Regarding a Document or Instrument Purporting to Create a Lien or Claim." The orders stated that the liens were asserted against real property and provided for by statute or constitution, created by implied or express agreement, or judicially imposed. *See* Tex. Gov't Code Ann. § 51.901(c)(2) (West Supp. 2010). The court stated that it was not ruling on the validity of or any defects in the liens. The Nickles appealed from the trial court's findings.

The Nickles argue that the purported liens are fraudulent and that the trial court should have signed orders invalidating them. They assert that the liens are fraudulent because neither affidavit includes the physical, mailing, or business address of the claimant. Instead, the liens

---

[1] Trial court cause number 10-831-C26 addressed Diaz's claim, and cause 10-832-C26 addressed Hernandez's claim.

provide the business address for Diaz's and Hernandez's attorney.[2]  *See* Tex. Prop. Code Ann. § 53.054(a)(7).  The Nickles also contend that the affidavits contain misrepresentations of material fact and that the notary, who was also Diaz's and Hernandez's attorney, was aware of the false statement.  Aside from their argument about the use of the attorney's address instead of Diaz's and Hernandez's personal addresses, however, the Nickles do not explain what misrepresentations the affidavits include.

A person is entitled to a lien if he provides labor or materials to another's real property under or pursuant to a contract with the owner or the owner's agent, trustee, receiver, contractor, or subcontractor.  *Id*. § 53.021(a) (West 2007).  To perfect a lien, a claimant must timely file an affidavit with the county clerk.  *Id.* § 53.052 (West 2007).  In a case where the claimant seeks payment for work he performed, his affidavit must "contain substantially" the following information: a sworn statement of the amount of the claim; the owner's name and last known address; a general statement of the work that was performed, including, for a subcontractor, a statement of each month in which the work was performed; the name and last known address of the person who hired the claimant; the name and last known address of the original contractor; a description of the property; the claimant's name and mailing and physical addresses; and a statement of the date on which notice of the claim was sent to the owner.  *Id.* § 53.054(a).

A person against whose property a lien is filed may file a motion for judicial review asking the trial court to determine whether the lien is fraudulent.[3]  Tex. Gov't Code Ann. § 51.903(a)

---

[2]  Diaz and Hernandez are represented by the same attorney.

[3]  Property owners have an alternative way to attack the validity of a lien.  In a suit to foreclose on a lien or to declare a lien invalid or unenforceable, the owner may file a verified motion

(West 2005). A document or instrument that purports to create a lien or assert a claim against real property is presumed to be fraudulent if it is not "provided for by the constitution or laws of this state or of the United States," created by consent or agreement of the property owner, or judicially imposed. *Id*. § 51.901(c)(2). In a suit for judicial review of a lien under the government code, the trial court must make its determination based solely on its review of the documents attached to the motion and without hearing testimony. *Id*. § 51.903(c), (e). The court's review is very limited, and it may only decide whether the instrument is fraudulent under section 51.901(c). *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Diaz's and Hernandez's affidavits list the claimants' names, their "business address[es]," the address and legal description of the property, the Nickles' names and address, the date on which Diaz and Hernandez sent notice of their claims to the Nickles, the amount of the claims, and a brief description of the work Diaz and Hernandez allege they performed for the Nickles. The Nickles attached Charles Nickle's affidavit to their motion for judicial review. In his affidavit, Nickle averred that he and Diaz had a contract, he never had an agreement with Hernandez, and he understood that Hernandez worked for Diaz. Nickle stated that his contract with Diaz was for $1,750, that he had paid $1,500 on that contract, and that he was claiming a $250 offset for "damages incurred in completing the work" and because he had to repair and replace some equipment that Diaz had used. He also averred that Diaz's and Hernandez's notices of claim did not

---

to remove the lien, stating his legal and factual basis for objecting to the validity or enforceability of the lien. Tex. Prop. Code Ann. § 53.160(a) (West 2007).

contain their addresses other than that of their attorney and that the attorney had not assured Nickle in writing that he was authorized to accept service on behalf of Diaz and Hernandez.

Although this case presents a different procedural posture than the circumstances faced by the court in *Samshi Homes*, the underlying issue is the same. *See id.* The Nickles asked the trial court to do more than just determine whether the liens were fraudulent. *See id.* Their motion instead sought to determine the validity of the liens based on their merits, arguing about whether alleged defects in the affidavits rendered ineffective the affidavits' attempt to impose mechanic's liens against the property. *See id.* The affidavits were Diaz's and Hernandez's attempts to impose mechanic's liens pursuant to chapter 53 of the property code, statutes which provide a legal means for those who perform work improving another's property to secure payment for their work. *See* Tex. Prop. Code Ann. §§ 53.021-.058 (West 2007). As in *Samshi Homes*, the affidavits "are filed in the form of mechanic's liens" and thus "are instruments 'provided by the . . . laws of this state' and are therefore not presumed to be fraudulent." 321 S.W.3d at 667-68. The trial court did not err in determining that the liens were not fraudulent under sections 51.901 and 51.903 of the government code and in denying the Nickles' motion for judicial review. *See id.*; *see also* Tex. Gov't Code Ann. §§ 51.901, .903. We affirm the trial court's orders.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 31, 2011

5