

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00140-CV

IN RE: A PURPORTED LIEN OR
CLAIM AGAINST JAMES MCGUIRE

----------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant James McGuire, pro se, appeals the trial court's order finding that a June 1, 1995 instrument assigning his mortgage loan from one lender to another was created by McGuire's implied or express consent or agreement. McGuire contends in his sole issue that the trial court erred by failing to properly analyze the assignment and apply the law. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. Background

On April 11, 2011, and purportedly pursuant to Texas Government Code section 51.903(a), McGuire filed in the trial court a "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" (the motion). Attached to the motion was an instrument titled, "Assignment" (the assignment). The assignment was executed on June 1, 1995, and filed in the Tarrant County real property records on July 6, 1995. McGuire alleged in the motion that the assignment was fraudulent because it purported to create a lien or claim against his property but did not identify the security interest being assigned. Because the trial court's subsequent order did not grant the relief McGuire sought, he filed notice of this appeal.

## III. Discussion

Texas Government Code section 51.903(a) "authorizes a person or entity that owns real property, and has reason to believe that another has filed a document purporting to create a lien against that property, to file a motion with the district clerk alleging that the instrument in question is fraudulent, as defined by section 51.901(c), and therefore should not be accorded lien status." *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 666 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Tex. Gov't Code Ann. §§ 51.901(c) (West Supp. 2011), .903(a) (West 2005)). As applicable here, an instrument filed in the real property records is presumed to be fraudulent if:

2

(2) the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

> (A) is not a document or instrument provided for by the constitution or laws of this state or of the United States;

> (B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

> (C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

Tex. Gov't Code Ann. § 51.901(c)(2).

McGuire alleged in the motion that the assignment was fraudulent because it failed to identify the security interest being assigned, and it appears from McGuire's appellate brief that he believes the assignment invalid for failure to identify the assigned note by book and page or instrument number. McGuire concedes that a mortgagor may assign a note, but he argues that the district court erred by failing to find that this assignment did not create a valid lien or claim because of its failure to sufficiently identify the note being assigned. There is, however, at least one flawed premise underlying McGuire's reliance on government code section 51.903 to challenge the assignment's validity. Government code section 51.903 does not apply to assignments; rather, it applies only to documents or instruments "purporting to *create* a lien or a claim" against property. *See id.* § 51.903(a) (emphasis added). The assignment does not

3

purport to create a lien or claim; it merely purports to transfer an existing note from one lender to another. We hold that McGuire cannot rely on government code section 51.903 to challenge the validity of the assignment for the alleged failure to sufficiently identify the security interest being assigned.[2] We therefore overrule McGuire's sole issue.

## IV. Conclusion

Having overruled McGuire's sole issue, we affirm the trial court's order.


ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: January 26, 2012

---

[2]We express no opinion concerning the validity or invalidity of the assignment and hold only that McGuire cannot use government code section 51.903 to challenge it.

4