02-11-140-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-11-00140-CV

 


 
 
 IN RE: A PURPORTED LIEN OR CLAIM AGAINST JAMES
 McGUIRE  
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
James McGuire, pro se, appeals the trial court’s order finding that a June 1,
1995 instrument assigning his mortgage loan from one lender to another was
created by McGuire’s implied or express consent or agreement.  McGuire contends
in his sole issue that the trial court erred by failing to properly analyze the
assignment and apply the law.  We affirm.

II. 
Background

On
April 11, 2011, and purportedly pursuant to Texas Government Code section
51.903(a), McGuire filed in the trial court a “Motion for Judicial Review of
Documentation or Instrument Purporting to Create a Lien or Claim” (the
motion).  Attached to the motion was an instrument titled, “Assignment” (the
assignment).  The assignment was executed on June 1, 1995, and filed in the
Tarrant County real property records on July 6, 1995.  McGuire alleged in the
motion that the assignment was fraudulent because it purported to create a lien
or claim against his property but did not identify the security interest being
assigned.  Because the trial court’s subsequent order did not grant the relief
McGuire sought, he filed notice of this appeal.

III. 
Discussion

          Texas
Government Code section 51.903(a) “authorizes a person or entity that owns real
property, and has reason to believe that another has filed a document
purporting to create a lien against that property, to file a motion with the
district clerk alleging that the instrument in question is fraudulent, as
defined by section 51.901(c), and therefore should not be accorded lien status.” 
In re Purported Liens or Claims Against Samshi Homes, L.L.C., 321 S.W.3d
665, 666 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Tex. Gov’t Code
Ann. §§ 51.901(c) (West Supp. 2011), .903(a) (West 2005)).  As applicable here,
an instrument filed in the real property records is presumed to be fraudulent
if:

(2) the document or
instrument purports to create a lien or assert a claim against real or personal
property or an interest in real or personal property and:

 

(A) is not a document
or instrument provided for by the constitution or laws of this state or of the
United States;

 

(B) is not created by
implied or express consent or agreement of the obligor, debtor, or the owner of
the real or personal property or an interest in the real or personal property,
if required under the laws of this state, or by implied or express consent or
agreement of an agent, fiduciary, or other representative of that person; or

 

(C) is not an
equitable, constructive, or other lien imposed by a court with jurisdiction
created or established under the constitution or laws of this state or of the
United States.

Tex.
Gov’t Code Ann. § 51.901(c)(2).

McGuire
alleged in the motion that the assignment was fraudulent because it failed to
identify the security interest being assigned, and it appears from McGuire’s
appellate brief that he believes the assignment invalid for failure to identify
the assigned note by book and page or instrument number.  McGuire concedes that
a mortgagor may assign a note, but he argues that the district court erred by
failing to find that this assignment did not create a valid lien or claim
because of its failure to sufficiently identify the note being assigned.  There
is, however, at least one flawed premise underlying McGuire’s reliance on
government code section 51.903 to challenge the assignment’s validity. 
Government code section 51.903 does not apply to assignments; rather, it
applies only to documents or instruments “purporting to create a lien or
a claim” against property.  See id. § 51.903(a) (emphasis added).  The
assignment does not purport to create a lien or claim; it merely purports to
transfer an existing note from one lender to another.  We hold that McGuire
cannot rely on government code section 51.903 to challenge the validity of the
assignment for the alleged failure to sufficiently identify the security
interest being assigned.[2]  We therefore overrule
McGuire’s sole issue.

IV. 
Conclusion

          Having
overruled McGuire’s sole issue, we affirm the trial court’s order.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  January 26, 2012









[1]See Tex. R. App. P.
47.4.





[2]We express no opinion
concerning the validity or invalidity of the assignment and hold only that McGuire
cannot use government code section 51.903 to challenge it.