# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00524-CV

### In re: A Purported Lien or Claim Against Alvie Campbell and Julie Campbell

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 11-341-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Alvie Campbell and Julie Campbell, pro se, appeal the trial court's order denying their request to declare fraudulent an instrument assigning the note evidencing their mortgage loan and deed of trust securing that note from Mortgage Electronic Registration Systems, Inc.("MERS") to Wells Fargo Bank, N.A.  We will affirm.

## BACKGROUND

In March 2011, and purportedly pursuant to Texas Government Code section 51.903(a), the Campbells filed in the trial court a "Motion for Judicial Review of Documentation or Instrumentation Purporting to Create a Lien or Claim." *See* Tex. Gov't Code Ann. § 51.903(a) (West 2005).  Attached to the motion was an instrument titled "Assignment of Note and Deed of Trust." The assignment was executed on September 10, 2008, and filed in the Official Public Records of Williamson County on September 30, 2008.  The essence of the Campbells' motion was that the assignment was fraudulent because the assignor did not have the right to transfer either the note or

the deed of trust. In May 2011, the trial court denied the relief requested by the Campbells.[1]

Thereafter, the Campbells filed a "Motion to Reconsider Denial," which was denied by an order signed in July 2011. This appeal followed.

## DISCUSSION

In one issue, the Campbells contend that the trial court erred by failing to comply with the statutory requirement that, after reviewing the challenged document, the trial court must enter an appropriate finding of fact and conclusion of law as to whether the document does or does not create a valid lien. The Campbells appear to challenge both the trial court's denial of their request to determine that the assignment was fraudulent as well as its failure to make any findings of fact or conclusions of law as required by the statute. *See id.* § 51.903(e) (after reviewing documentation or instrument district judge shall enter appropriate finding of fact and conclusion of law), (g) (providing suggested form for finding and conclusion).

Section 51.903(a) "authorizes a person or entity that owns real property, and has reason to believe that another has filed a document purporting to create a lien against that property, to file a motion with the district clerk alleging that the instrument in question is fraudulent, as defined by section 51.901(c), and therefore should not be accorded lien status." *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 666 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Tex. Gov't Code Ann. §§ 51.901(c) (West Supp. 2011), .903(a)). As applicable here, an instrument filed in the real property records is presumed to be fraudulent if:

---

[1] Although the court did not sign an order, the docket contains the following entry dated May 11, 2011: "Relief denied. Stubblefield."

(2) the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and;

    (A)    is not a document or instrument provided for by the constitution or laws of this state or of the United States;

    (B)    is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

    (C)    is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

Tex. Gov't Code Ann. § 51.901(c)(2). The Campbells appear to believe the assignment from MERS to Wells Fargo was invalid because the assignor did not have authority to make the assignment. In their brief they argue that the assignment "did not identify or demonstrate upon the face of the instrument that an agency relationship existed with the note holder or proper party to the Deed of Trust and Note."

The Campbells' reliance on government code section 51.903 to challenge the assignment's validity is misplaced. Section 51.903 does not apply to assignments; rather, it applies only to documents or instruments "purporting to *create* a lien or claim" against property. *See id.* § 51.903(a) (emphasis added). The assignment at issue in the present case does not purport to create a lien or claim, it merely purports to *transfer* an existing deed of trust from one entity to another. We conclude that the Campbells cannot rely on government code section 51.903 to challenge the validity of an assignment of a deed of trust based on an alleged lack of authority to make the

assignment. *See In re: A Purported Lien or Claim Against James McGuire*, No. 02-11-00140-CV, 2012 WL 254066, at *1 (Tex. App.—Fort Worth Jan. 26, 2012, no pet.) (mem. op.) (section 51.903 could not be used to challenge validity of assignment of security interest for alleged failure to sufficiently identify security interest being assigned).  We therefore overrule the Campbells' sole issue.

## CONCLUSION

Having overruled the Campbells' sole issue, we affirm the trial court's order.


_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   May 18, 2012

4