Opinion issued January 14, 2014.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00509-CV

———————————

**JOSE LUIS CARDENAS D/B/A J & S BODY SHOP, Appellant**

**V.**

**BETTY WILSON AND JEFFERY WILSON, Appellees**

———————————

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2013-25987**

———————————

## OPINION

In this dispute over a pick–up truck repair bill, Betty Wilson and Jeffery Wilson moved in the trial court that it review auto–mechanic Jose Cardenas' notice of intent to file a mechanic's lien and set the lien aside. *See* TEX. GOV'T CODE ANN. § 51.903 (West 2013). The trial court found that Cardenas' lien was

"presumed fraudulent" as defined by statute, and it ordered the lien to be removed and Cardenas to release the truck to the Wilsons. Cardenas appeals the trial court's interlocutory orders, contending that it erred in removing his mechanic's lien and in ordering the truck's release to the Wilsons. We reverse.

## Background

According to the pleadings, in February 2013, Jeffery Wilson drove his truck to a car repair shop after it was damaged in a car accident. The shop clerk informed Wilson that a different shop should repair the truck's head lamp before the shop could undertake the remainder of the repairs. Wilson then drove his truck to Jose Cardenas' J&S Body Shop. Wilson alleges that he and Cardenas orally agreed that Cardenas would repair the truck's head lamp, and nothing else, for $300. Wilson alleges that Cardenas, in contravention of their agreement, found some insurance claim documents in Wilson's truck and called Wilson's insurance company to obtain an estimate to repair the truck. Cardenas performed $4,645.17 worth of repairs on Wilson's truck, the same amount as the insurance estimate. Wilson refused to pay Cardenas. Cardenas notified Wilson of his intent to file a mechanic's lien. Cardenas attached an authorization form to the notice that purports to authorize Cardenas to repair the truck in accordance with Wilson's insurance estimate. Wilson alleges that Cardenas forged his signature on the authorization form. Cardenas, however, contends that Wilson signed the

2

authorization form and authorized him to repair his truck in accordance with the insurance estimate.

Jeffery Wilson and his mother Betty Wilson, the truck's co–owner, sued Cardenas for breach of contract, among other claims, and moved that the trial court review Cardenas' notice of intent to file a mechanic's lien and the attached authorization form under section 51.903 of the Texas Government Code. *See id.* After a hearing, the trial court found that Cardenas' mechanic's lien was presumed fraudulent under the statute's definition because it was not created by Wilson's implied or express consent. The trial court ordered the lien to be removed and Cardenas to release the truck to the Wilsons.

## Discussion

As a preliminary matter, we determine whether we have appellate jurisdiction to review a trial court's interlocutory orders under section 51.903 of the Texas Government Code. We hold that the statute confers appellate jurisdiction. *Id.* § 51.903(c) ("An appellate court shall expedite review of a court's finding under this section."); *see also David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 332 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reviewing trial court's finding under section 51.903).

3

*Standard of Review*

Whether a document purporting to create a lien is presumed to be fraudulent under section 51.901 of the Texas Government Code is a question of law and thus is subject to de novo review. *David Powers Homes, Inc.*, 355 S.W.3d at 335.

*Analysis*

Pursuant to Section 51.901 of the Government Code, a document is "presumed" to be fraudulent if:

> [T]he document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:
>
>> (A) is not a document or instrument provided for by the constitution or law of this state or of the United States;
>>
>> (B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or
>>
>> (C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

TEX. GOV'T CODE ANN. § 51.901(c)(2) (West 2013). A trial court may presume a document is fraudulent only if it makes one positive finding and three negative findings about the document; if the document is provided for by constitution or statute, created by agreement, or imposed by a court, then it is not "presumed fraudulent" under section 51.901(c)(2). *See id.*; *In re Hai Quang La*, No. 02-13-

4

00110-CV, 2013 WL 5651746, at *3 (Tex. App.—Fort Worth Oct. 17, 2013, no pet. h.). A trial court may base its finding solely on its review of the document itself and without hearing any testimonial evidence. TEX. GOV'T CODE ANN. § 51.903(c) (West 2013). A trial court may review the document ex parte and without delay or notice of any kind, but the trial court may make no finding as to any underlying claim. *Id.* § 51.903(c), (g); *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that trial court may not rule on validity of underlying lien). The trial court also may not rule on any substantive evidentiary claim. *Samshi Homes*, 321 S.W.3d at 668.

A document filed in the form of a mechanic's lien is "provided for by the . . . laws of this state" and thus cannot be presumed to be fraudulent under section 51.901(c)(2)(A) of the Government Code. *Id.* at 667–68; *see also David Powers Homes*, 355 S.W.3d at 339 (discussing and applying holding of *Samshi Homes*).

Cardenas notified the Wilsons of his intent to file a mechanic's lien on Wilson's truck. Article 16, section 37 of the Texas Constitution and Chapter 53 of the Texas Property Code both provide a legal basis for a mechanic's lien. TEX. CONST. art. XVI, § 37 (West 1993); TEX. PROP. CODE ANN. Ch. 53 (West 2007). Cardenas' document is provided for by the laws of Texas and is thus not presumed

5

to be fraudulent. *See Samshi Homes*, 321 S.W.3d at 667–68. The Wilsons respond that they adduced proof that Cardenas forged the repair authorization. The Wilsons' proof, however, does not refute the validity of a lien for a mechanical repair under Texas law, but rather attacks the merit of the underlying claim for payment for the repair. Under the fraudulent lien statute, the trial court does not rule on the validity of the underlying claim creating the lien or rule on any substantive evidentiary claim. *See id.* at 667–68.

## Conclusion

We hold that Cardenas' lien is not presumed fraudulent as defined by section 51.901 of the Texas Government Code. We therefore reverse and vacate the trial court's orders removing the lien and releasing the truck to the Wilsons.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.