

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00085-CV

---

In re: A Purported Lien or Claim Against 5944 Los Pueblos Dr., El Paso, Texas 79912

---

On Appeal from the 205th Judicial District Court
El Paso County, Texas
Trial Court No. 2024DCV4573

---

## MEMORANDUM OPINION

In this expedited appeal under Texas Government Code § 51.903(c), Appellants Veronica Laguette Terrazas and Robert Bruce Saunders challenge the trial court's ex parte order granting Appellee Jonathan Millan's motion for judicial review of documentation purporting to create a lien. Concluding that Millan's motion and the trial court's order exceeded the scope of § 51.903, we reverse and remand to the trial court.

## I. BACKGROUND

The documentation at issue is titled "Texas Standard Promissory Note" (the note). It was signed in 2014 and recorded in 2022. The note's terms include that "Julio L. Laguette . . . received

and promises to pay back Veronica Laguette [Terrazas] . . . two hundred thirty-five thousand dollars," and that the loan was secured by "[p]roperty described as 5944 Los Pueblos, El Paso, TX 79912" (the property).

Millan entered into an agreement to buy the property from Josefina Laguette in 2024. Josefina Laguette is Julio L. Laguette's widow and Terrazas's mother. Before Millan entered into the agreement, he filed a motion for judicial review of the note under § 51.903, asserting that he had an interest in the property because he contemplated buying it. After he entered into the agreement, Millan filed an amended motion asserting that he had an interest in the property because he had equitable title as a vendee in possession. The amended motion asserted that the note was fraudulent because it was (1) forged; (2) notarized before the notary's commission commenced; (3) notarized by an interested party; (4) secured by homestead property in violation of Texas law; and (5) unenforceable because the statute of limitations had expired.

After holding an ex parte hearing, the trial court signed an order and judicial finding of fact and conclusion of law. The order states that "[n]o testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument[.]" Generally tracking the suggested order provided under § 51.903(g), the trial court's order further reads in part:

> The Court finds the documentation or instrument attached to the motion herein:
>
> (1) IS NOT provided by specific state or federal statues or constitutional provision;
>
> (2) IS NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;
>
> (3) IS NOT an equitable, constructive or other lien imposed by a court of competent jurisdiction created by or established under the constitution or

2

laws of this state or the United States; or

(4) IS NOT asserted against real or personal property or an interest in real or personal property. There is no[] valid lien or claim created by this documentation or instrument.

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act.

After the order was filed, Terrazas and Saunders filed a motion to vacate judgment, an amended motion to vacate judgment, and a notice of appeal. Millan filed a response to the amended motion to vacate.

## II. ISSUES ON APPEAL

In three issues, Terrazas and Saunders argue that (1) Millan's motion for judicial review constituted a request for declaratory relief because it sought an evaluation of underlying rights and substantive evidentiary issues; (2) the trial court's order was void because the court lacked personal jurisdiction over Terrazas and Saunders and subject-matter jurisdiction over Millan's motion; and (3) the trial court should have sanctioned Millan given abnormalities purportedly demonstrated by documents emailed to the trial court by Terrazas and Saunders.

## III. DISCUSSION

### A. Applicable law

Section 51.903 permits a person with an interest in property to ask a trial court to determine that a document purporting to create a lien on the property is fraudulent. Tex. Gov't Code Ann. § 51.903(a). Before making a determination that the document is fraudulent, the trial court must find that it (a) purports to create a lien; and (b) does not purport to create one of the following types of legitimate liens: (1) a lien provided for by law; (2) a lien created by agreement; or (3) a lien imposed by a court. *In re Hai Quang La*, 415 S.W.3d 561, 565 (Tex. App.—Fort Worth 2013,

3

pet. denied); Tex. Gov't Code Ann. §§ 51.903(a), .901(c)(2).[1]

A determination that a document is fraudulent within the meaning of § 51.903 may be made "ex parte without delay or notice of any kind." Tex. Gov't Code Ann. § 51.903(c). However, the trial court must not rule on the underlying lien's validity or claims between the parties. *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc*., 355 S.W.3d 327, 337 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *In re Purported Liens or Claims Against Samshi Homes, L.L.C*., 321 S.W.3d 665, 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Becker v. Tropic Isles Ass'n*, No. 13–08–00559–CV, 2010 WL 877569, at *3 (Tex. App.—Corpus Christi Mar. 11, 2010, pet. denied)(mem. op.)); *see also Nguyen v. Bank of Am., N.A*., 506 S.W.3d 620, 624 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("A [§] 51.903 inquiry is limited to whether the document is fraudulent, and may not decide the underlying rights of parties or substantive evidentiary claims.").

As explained by the Amarillo Court of Appeals, under § 51.903, a trial court reviews only the legitimacy of the lien document, not the legitimacy of the lien itself:

> By continually mentioning the document or instrument itself and alluding to the limited nature of the decision, [§ 51.903] was intended to address not the validity of the purported lien or interest in the property but the legitimacy of the document manifesting the purported lien or interest. Thus, the court is not to adjudicate

---

[1] Under § 51.903(a), a document is fraudulent if it meets the definition set forth in § 51.901(c)(2), which provides that a document is "presumed to be fraudulent" if:

> [it] purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:
>
> (A)  is not a document or instrument provided for by the constitution or laws of this state or of the United States;
>
> (B)  is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or
>
> (C)  is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

Tex. Gov't Code Ann. §§ 51.903(a), .901(c)(2).

whether the lien or interest is legitimate but only whether the documents are.

*In re Hart*, No. 07-98-0292-CV, 1999 WL 225956, at *2 (Tex. App.—Amarillo Apr. 15, 1999, no pet.) (not designated for publication).

Section 51.903's legislative history supports the view that its scope is limited in this way. The statute was enacted as part of House Bill 1185 in 1997. *See* Act of May 10, 1997, 75th Leg., R.S., Ch. 189, § 14, sec. 51.903, 1997 Tex. Sess. Law. Serv. 1045, 1053. The Senate's Bill Analysis explains that its purpose is to provide an expedited process to address the clogging of the channels of commerce caused by fraudulent liens asserted by persons who deny the sovereignty of the State of Texas:

> Currently, individuals and organizations have begun to take action based on their refusal to recognize the authority and sovereignty of the government of the State of Texas. These entities have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the secretary of state and many county and district court clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. These filings have clogged the channels of commerce and have amounted to harassment and intimidation of both public officials and ordinary citizens . . . . This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain an expedited legal process to obtain a court order declaring the filing to be fraudulent[.]

Senate Research Ctr., Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997); *see also David Powers Homes*, 355 S.W.3d at 338 ("[Section 51.903] was not created to determine the legitimacy and validity of the claimed interest in the property, but was instead enacted to expeditiously determine the legitimacy of the document manifesting the purported lien[.]").

In sum, § 51.903 was enacted "as part of a statutory scheme to quickly identify and remove liens and encumbrances that are *on their face* patently without basis in recognized law." *Id*. (emphasis added); *see also Gutierrez, CDS, LLC., v. Rodriguez*, No. 07-23-00260-CV, 2023 WL 8008364, at *2 (Tex. App.—Amarillo Nov. 17, 2023, no pet.) (mem. op.) ("[Under] [§] 51.903 . .

5

., a trial court is limited to determining whether a particular instrument is fraudulent on its face[.]"); *Knight v. MidFirst Bank*, No. 03-15-00740-CV, 2016 WL 4177238, at *3 (Tex. App.—Austin Aug. 4, 2016, no pet.) (mem. op.) (Section 51.903 was intended to apply to liens that are "on their face patently without basis") (citing *David Powers Homes*, 355 S.W.3d at 338)); *In re Tu Nguyen*, 456 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("[A]n assertion [of forgery] is inappropriate in this [§] 51.901 proceeding to test facial legitimacy."); *see also* Tex. Gov't Code Ann. § 51.903(e) ("After reviewing the documentation or instrument[2] attached to a motion under this section, the district judge shall enter an appropriate finding of fact and conclusion of law[.]"); *id*. § 51.903(a) (suggested language for motion: "Movant requests the court to review the attached documentation or instrument and enter an order determining whether it should be accorded lien status[.]"); § 51.903(g) (suggested language for order: "No testimony was taken from any party, nor was there any notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation or instrument[.]").

If a § 51.903 motion seeks relief beyond a determination that a lien document is fraudulent within the meaning of the statute, the motion is treated as a request for declaratory relief. *Nguyen*, 506 S.W.3d at 624 ("If [a § 51.903] motion requires greater inquiry [beyond whether a document is fraudulent], then it is a motion for declaratory judgment."); *Becker*, 2010 WL 877569, at *2–3 ("By asking the trial court to issue rulings beyond whether the challenged documents were fraudulent under [§] 51.901(c)(2), Becker converted his Motion for Judicial Review into an action seeking a declaration of [] rights[.]"); *Samshi Homes*, 321 S.W.3d at 668 (citing *Becker*, 2010 WL 877569, at *3); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) ("A person interested under a deed, will . . . [or] contract or whose rights, status, or other legal relations are affected by a statute,

---

[2] In the context of § 51.903, "documentation or instrument" plainly refers to the document purporting to create a lien.

municipal ordinance, contract, or franchise may . . . obtain a declaration of rights, status, or other legal relations thereunder."); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

### B. Standard of review

Whether a lien document is fraudulent within the meaning of § 51.903 is a question of law we review de novo. *Waterhouse v. GoFit*, 656 S.W.3d 435, 438 (Tex. App.—El Paso 2022, no pet.). The proper construction of pleadings is also a question of law, *Barton v. State Bd. for Educator Certification*, 382 S.W.3d 405, 409 (Tex. App.—Texarkana 2012, pet. denied), and likewise reviewed de novo, *Matter of Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) ("[Q]uestions of law are always subject to de novo review.").

### C. Order of issue consideration

Because Issue Two implicates personal jurisdiction, i.e., asserts that such jurisdiction was lacking because Terrazas and Saunders were not served,[3] we must address it first. *See Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 351 (Tex. 2024) (per curiam) ("Any jurisdictional objections must . . . be addressed first, regardless of [how] such objections were raised, or whether they were raised by a party or by the court itself[.]"); *Rattray v. City of Brownsville*, 662 S.W.3d 860, 869 (Tex. 2023) ("[T]he court may not move to the merits if even one jurisdictional argument remains unresolved."). Further, because Issue Two is predicated in part on Issue One, i.e., whether Millan's motion sought—and the trial court's order granted—declaratory relief for which service was required, we address these issues together.

---

[3] Issue Two also implicates subject-matter jurisdiction, i.e., asserts that Millan had no standing to bring any claims relating to the property in question. However, because we conclude that personal jurisdiction was lacking, we need not—and do not—address whether subject-matter jurisdiction was lacking.

### D. Whether personal jurisdiction was lacking

#### (1) Terrazas and Saunders's position

Terrazas and Saunders argue that failure to serve them "violated [their] due process rights and deprived the trial court of personal jurisdiction over [them]." They contend they were entitled to service because Millan's motion "requested the trial court to dramatically exceed the scope of [§] 51.903 and sought declaratory judgments." More specifically, they contend Millan's motion requested the following declarations: (1) that Saunders did not properly notarize the note, based on records relating to Saunders's registration as a Texas notary public; (2) that Saunders should not have notarized the note because he is married to Terrazas and has an interest in the property, based on a marriage certificate; (3) that the note was invalid because it encumbered a homestead in violation of Texas law, based on property tax records; and (4) that the statute of limitations for collection on the note had expired.

#### (2) Millan's position

Millan does not dispute that a request for declaratory relief would have required service of process. Nor does he dispute that his motion asserted the matters and attached the documents described above. Rather, he argues that no service was required because his motion fully comported with § 51.903, citing several provisions of the statute itself.

First, Millan points to § 51.903(a), which permits the filing of "a motion, verified by affidavit . . . that contains, *at a minimum*, the information in the following suggested form[.]" Tex. Gov't Code Ann. § 51.903(a) (emphasis by Millan). According to Millan, "[t]he 'at a minimum' language . . . sets a floor for the minimum information require[d] . . ., but not a ceiling[.]" Thus, Millan argues, the trial court "can consider materials other than the challenged instrument itself—it can consider any other matters raised in the motion, as verified by the

8

affidavit."

Second, Millan points to § 51.903(c), which provides that "[t]he court's finding *may* be made solely on a review of the documentation or instrument[.]" Tex. Gov't Code Ann. § 51.903(c) (emphasis by Millan). According to Millan, under a "plain reading" of this provision, "if a movant provides more than the 'minimum' information required by [§ 51.903(a)], the . . . court also may consider that information[.]" Such a reading, Millan argues, is consistent with the ordinary meaning of "may," which is permissive, not mandatory. Moreover, Millan claims, "[the] argument that the scope of review is limited only to the face of the document renders [the] requirement to verify facts by affidavit superfluous."

Finally, Millan points to § 51.903(g), which sets forth a suggested form order containing a checkbox for a finding that the document "IS NOT created by implied or express consent[.]" Tex. Gov't Code Ann. § 51.903(g). According to Millan, "[a] face-of-the-pleading scope of review would make it impossible . . . to make an inquiry into a property owner's consent[.]"

### (3) Analysis

Unpersuaded by Millan's reading of § 51.903, we address each of his arguments in turn.

### (a) Meaning of "at a minimum"

As to the meaning of "at a minimum" in § 51.903(a)—which permits a motion "contain[ing], at a minimum, the information in the . . . suggested form"—Millan misunderstands the scope of information allowed. The motion's purpose, as indicated by the suggested form, is to establish that (1) the movant has an interest in property; (2) a document purporting to create a lien thereon has been recorded; and (3) the movant alleges the document is fraudulent under the statute, meaning it is not one of the listed types of legitimate liens, i.e., one provided for by law, created by agreement, or imposed by a court. Tex. Gov't Code Ann. §§ 51.903(a), .901(c)(2).

While the phrase "at a minimum" arguably allows the movant to elaborate on these matters,

9

for example, to explain the nature of the movant's interest in the property or why the movant alleges the lien document is fraudulent on its face, this phrase is not susceptible to the construction urged by Millan, i.e., that it allows the trial court to "consider *any other matters* raised in the motion, as verified by the affidavit." (emphasis added). Such an expansive construction would give the trial court unfettered discretion to consider the underlying rights and claims of the parties and substantive evidentiary claims, matters which have uniformly been held to fall outside the scope of § 51.903's expedited ex parte procedure. *See, e.g.*, *Gutierrez*, 2023 WL 8008364, at *1 ("A trial court may only determine whether the challenged instrument is fraudulent as defined by [§] 51.901(c)(2); it may not rule on underlying claims or substantive evidentiary claims."); *Covenant Clearinghouse, LLC v. Foste*r, No. 02-21-00334-CV, 2022 WL 1259051, at *2 (Tex. App.—Fort Worth Apr. 28, 2022, no pet.) (mem. op.) ("[A] proceeding under [§] 51.903 is limited in scope. A trial court may only determine whether the subject document is fraudulent as defined by [§] 51.901(c)(2); it may not rule on any underlying claims of the parties involved. The trial court also may not rule on any substantive evidentiary claim.") (internal citations and quotation marks omitted); *Knight*, 2016 WL 4177238, at *2 ("In a [§] 51.903 proceeding, . . . a trial court is limited to determining whether a particular instrument, or instruments, is fraudulent as therein defined; it may not rule on the validity of the underlying lien itself or other claims between the parties.") (internal quotation marks omitted); *Nguyen*, 456 S.W.3d at 676 "[A] substantive evidentiary claim . . . is not appropriate for [§] 51.903's expedited procedure."); *David Powers Homes*, 355 S.W.3d 327 at 337 ("The court may not rule on the validity of the underlying lien itself or claim between the parties."); *Becker*, 2010 WL 877569, at *3 ("Under section 51.903, the trial court is expressly limited to determining whether the document or instrument is fraudulent; it may not rule on the validity of the underlying lien or other claims."); *see also* § 51.903(a) (from

10

the form motion: "Movant does not request the court to make a finding as to any underlying claim of the parties involved[.]"); § 51.903(g) (from the form order: "This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act[.]"); and § 51.903(e) ("After reviewing the documentation or instrument[4] attached to a motion under this section, the district judge shall enter an appropriate finding of fact and conclusion of law.").

We conclude that Millan's view of § 51.903's scope is inconsistent with both the statute's purpose and plain language, which prohibit considering underlying claims and evidentiary matters.

### (b) Meaning of "may"

As to the meaning of "may" in § 51.903(c)—which provides that the trial court's finding "*may* be made solely on a review of the [lien document]" (emphasis added)—Millan cites *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 525 (Tex. 2015) for the proposition that "may" is permissive unless the context requires otherwise. But as *G.T. Leach* itself acknowledges, context may require "may" to be mandatory rather than permissive. *See, e.g.*, *Famous Water Co. LP., v. Aquio Sols. Intermediate Holdings, LLC*, No. 02-23-00329-CV, 2024 WL 2971686, at *4 (Tex. App.—Fort Worth June 13, 2024, no pet.) (mem. op.) (noting that arbitration clauses using the word "may" are "sometimes . . . held to be mandatory[.]"); *see also* Black's Law Dictionary (12th ed. 2024) (defining "*may*" to include "3. Loosely, is required to; shall; must <if two or more defendants are jointly indicted, any defendant who so requests may be tried separately>"; "In dozens of cases, courts have held *may* to be synonymous with *shall* or *must*, usu. in an effort to effectuate what is said to be legislative intent.").

Here, in view of § 51.903's expedited ex parte procedure, its plain language, and the case

---

[4] As noted above, in the context of § 51.903 "documentation or instrument" plainly refers to the document purporting to create a lien, and not to evidentiary documents relating to the lien's validity.

law's uniform construction of the statute, we conclude that a trial court's finding under § 51.903 must be made solely on a review of the lien document in question. *See David Powers Homes*, 355 S.W.3d at 338 (holding that Section 51.903 was enacted "as part of a statutory scheme to quickly identify and remove liens and encumbrances that are on their face patently without basis[.]").[5]

### (c) Meaning of "created by implied or express consent"

As to the meaning of "created by implied or express consent" in § 51.903(g)—which uses this phrase to describe one of the three types of legitimate liens under Texas law—Millan is correct that "[a] face-of-the-pleading scope of review would make it impossible for a district judge to make an inquiry into a property owner's consent at all." But the statute authorizes an inquiry into whether a lien document facially reflects the giving of such consent not an inquiry into whether a property owner's consent to a lien was actually given. *See Nguyen*, 456 S.W.3d at 676 ("Nguyen urges that the DOT was not created by his express consent[.]"; "[T]he only challenge . . . Nguyen has brought is a substantive evidentiary claim that is not appropriate for [§] 51.903's expedited procedure."); *Samshi Homes*, L.L.C., 321 S.W.3d at 668 ("Samshi Homes' substantive evidentiary claims . . . [including] that Karna never entered into an agreement with De Leon . . . are . . . beyond the scope of [§] 51.903 proceedings.").

We conclude that Millan's view of § 51.903(g)—that "[r]eading these provisions together as a whole, the natural reading is that a district court must determine whether a document is fraudulent, which can include a factual inquiry into whether the document was created by 'implied or express consent'"—is inconsistent with the statute's purpose and plain language, which, again,

---

[5] In regard to Millan's contention that "[limiting] the scope of review . . . to the face of the document renders [the] requirement to verify facts by affidavit superfluous," we do not agree. As explained above, the allegations to be verified under § 51.903 are limited to specific threshold issues (the movant has an interest in property; a document purporting to create a lien thereon has been recorded; and the movant alleges the document is fraudulent under the statute). Limiting the affidavit to these issues does not render it superfluous. Importantly, nothing in the statute suggests that the affidavit may be used as a mechanism to introduce external proof of a lien's invalidity, thereby expanding the statute's scope to encompass broader declaratory relief.

restrict the trial court to a review of the face of the lien document itself. *See Nguyen*, 506 S.W.3d at 625 ("There is a distinction between a summary examination of a facially invalid document as contemplated by the statute and an evaluation of the underlying rights and substantive evidentiary issues[.]").

### (d)  Granting of declaratory relief

Millan further argues that the trial court "did not actually grant declaratory relief." That is, according to Millan, the trial court's order "tracked the language of the statutorily suggested form order set out in Subsection (g) closely," and "refrained from making any extraneous declaratory findings that would render the judgment reversible." But Millan acknowledges the trial court's order was based on a finding that "the Property was Josefina's homestead property." Because the property's homestead status is not apparent on the face of the note and a finding concerning this matter could only have been made based on the evidence attached to Millan's motion, i.e., property tax records, this matter fell outside the scope of § 51.903, thereby converting this proceeding into one for declaratory relief. *See Nguyen*, 506 S.W.3d at 624 ("If [a § 51.903] motion requires greater inquiry [beyond whether a document is fraudulent], then it is a motion for declaratory judgment."); *Becker*, 2010 WL 877569, at *2–3 ("By asking the trial court to issue rulings beyond whether the challenged documents were fraudulent under [§] 51.901(c)(2), Becker converted his Motion for Judicial Review into an action seeking a declaration of [] rights[.]"); *Samshi Homes*, 321 S.W.3d at 668 (citing *Becker*, 2010 WL 877569, at *3).

In addition to asserting that the note was fraudulent under § 51.903 based on the secured property's alleged homestead status, Millan's motion asserted that the note was fraudulent based on several other grounds—forged signatures, notarization predating the notary's commission, notarization by an interested party, and expiration of the statute of limitations—each of which Terrazas and Saunders contend involve "the validity of the underlying debt, not the legality of the

13

lien document." Millan does not challenge this contention[6] but instead argues that the trial court's order is nevertheless not reversible, as "[w]hen multiple grounds are presented in a motion to the trial court, this Court must affirm the trial court's judgment granting the motion if any one of the individual grounds in the motion were meritorious," citing *Mr. W Fireworks, Inc. v. NRZ Inv. Grp., LLC*, 677 S.W.3d 11, 21 (Tex. App.—El Paso 2023, pet. denied). However, as discussed above, the sole ground Millan argues was meritorious—the note's purported encumbrance of a homestead in violation of Texas law—involved a substantive evidentiary issue, thereby exceeding the scope of § 51.903.[7]

We conclude that both Millan's motion and the trial court's order implicated declaratory relief, thereby requiring service of process. *See Nguyen*, 506 S.W.3d at 625 ("[A] motion for declaratory judgment necessitat[es] service on the opposing party[.]"); *Becker*, 2010 WL 877569, at *3 ("[T]he trial court's Judicial Finding of Fact amounted to a declaratory judgment; therefore, [the opposing party] was entitled to notice and an opportunity to be heard[.]"); Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) ("When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.").

---

[6] Each of these other grounds in fact appears to require consideration of matters outside the four corners of the note. As Terrazas and Saunders point out, Millan sought to show that Saunders notarized the note outside the timeframe of his notary commission and that Saunders was not a disinterested party based on evidentiary documents (Saunders's notary registration records and marriage certificate). Further, forgery allegations are inappropriate in a §§ 51.901/.903 proceeding. *See In re Tu Nguyen*, 456 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Nguyen is necessarily asserting that the document is not legitimate because his notarized signature is forged. Such an assertion is inappropriate in this [§] 51.901 proceeding to test facial legitimacy."). Furthermore, the expiration of limitations for collecting on a promissory note involves such evidentiary matters as, among other things, the circumstances of default, if any, and whether and when a collection suit was filed.

[7] We express no opinion regarding whether the multiple-grounds rule at play in *Mr W Fireworks*—a summary judgment case—might apply in a § 51.903 proceeding. *See Mr. W Fireworks, Inc. v. NRZ Inv. Group, LLC*, 677 S.W.3d 11, 21 (Tex. App.—El Paso 2023, pet. denied) ("[W]hen a party raises multiple grounds in support of a motion for summary judgment, regardless of which ground the trial court found to be meritorious in granting the motion, we may affirm the trial court's order if any one of the movant's theories presented to the trial court was meritorious.").

**(e) Lack of due process**

Finally, Millan argues that because Terrazas "filed a lengthy motion to vacate the [trial court's] order" and "exercised her right to file an expedited appeal," she "received the benefit of the process she was due under [§ 51.903] and any procedural irregularities [we]re harmless," citing our opinion in *Waterhouse*, 656 S.W.3d at 435. However, *Waterhouse* is distinguishable. There, as to prehearing notice, we concluded that such notice was not required because § 51.903 "explicitly provides the [trial] court's review *under this section* may be 'ex parte without . . . notice of any kind'" (emphasis added). Here, in contrast, we have concluded that Millan's motion and the trial court's order implicated declaratory relief, not simply relief under § 51.903, thus service of process was required. *See Nguyen*, 506 S.W.3d at 625 (request for declaratory relief must be served); *Becker*, 2010 WL 877569, at *3 (order granting declaratory relief requires notice and opportunity to be heard). Millan does not dispute that Terrazas and Saunders were not served. And while in *Waterhouse* we held that, as to *post*-hearing notice, actual notice of an order issued under § 51.903 and timely filing of an appeal rendered any procedural irregularities harmless, post-hearing notice is not at issue here.

We conclude that personal jurisdiction over Terrazas and Saunders was lacking because they were not served with Millan's requests for declaratory relief. We sustain Issues One and Two.

**E. Whether sanctions should have been imposed**

As to Issue Three—"[t]he trial court should have sanctioned Millan given the abnormalities in this case"—Terrazas and Saunders contend that "[t]he trial court was aware of abnormalities with this case as early as 2/28/2025–only fourteen (14) days after the trial court entered its Order and well within the trial court's plenary power to vacate, modify, correct, or reform its order." But while the record reflects that Terrazas and Saunders requested sanctions in their First Amended

15

Motion to Vacate Judgment, the record reflects no ruling or request for a ruling on the motion. Accordingly, there is nothing for us to review. *See* Tex. R. App. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal."); *Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022) ("A party preserves error by a timely request that makes clear—by words or context— the grounds for the request and by obtaining a ruling on that request, whether express or implicit.").

Further, in their prayer, Terrazas and Saunders ask this Court to "award them . . . reasonable attorney's fees, and such other and further relief as this Court deems just and equitable[.]" However, Terrazas and Saunders make no corresponding argument as to why such relief would be proper nor even specify the amount of attorney's fees or other type of relief they seek, thereby waiving the issue. *See Gutierrez v. Gutierrez*, 662 S.W.3d 573, 592 (Tex. App.—El Paso 2022, no pet.). ("Simply mentioning an issue in passing does not assign that issue for our review; parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions.") (internal quotation marks omitted); *id*. ("This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. Failure to comply with these briefing requirements results in the waiver of issues on appeal.") (internal quotation marks and citation omitted);Tex. R. App. P. 38.1(i) ("[An appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We overrule Issue Three.

## IV. CONCLUSION

Because Millan's motion for judicial review and the trial court's order addressed matters beyond whether the note was "on its face patently without basis," this proceeding exceeded the

scope of § 51.903 and implicated declaratory relief requiring service of process. Accordingly, because no service was effected on Terrazas and Saunders, we reverse the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion.

LISA J. SOTO, Justice

January 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.