**Opinion issued February 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-18-00909-CV**

—————————————

**C. LUGRAND DAWKINS ENTERPRISES, LLC, Appellant**

**V.**

**WANDERSTAY HOTEL, LLC D/B/A WANDERLUST HOUSTON, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-39075**

---

**MEMORANDUM OPINION**

In this interlocutory appeal,[1] appellant, C. Lugrand Dawkins Enterprises, LLC

("Lugrand Dawkins"), challenges the trial court's order, titled "Judicial Finding of

Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting

---

[1]     *See* TEX. GOV'T CODE ANN. § 51.903(c).

to Create a Lien or Claim," declaring that there was no valid lien or claim created by Lugrand Dawkins's affidavit claiming a mechanic's lien against appellee, Wanderstay Hotel, LLC, doing business as Wanderlust Houston ("Wanderlust"). In five issues, Lugrand Dawkins contends that the trial court erred in granting Wanderlust's "1st Amended Motion for Judicial Review of Lien."[2]

We reverse and remand.

## Background

In its second amended petition, Wanderlust, a hotel, alleged that it executed an agreement with Lugrand Dawkins, a general contractor, to provide general contractor services related to the renovation of Wanderlust's hotel property. Throughout the renovation process Lugrand Dawkins failed to make progress according to the parties' agreed-upon schedule, although Wanderlust "faithfully made payments" to Lugrand Dawkins. Eventually, the parties reached an impasse, and Wanderlust "had to hire the services of an additional contractor to correct the work already done and [to] finish the work that ha[d] not been completed." And although Lugrand Dawkins failed to complete its work, it "expect[ed] additional payments" from Wanderlust.

---

[2] *See id.*

2

Wanderlust asserted claims against Lugrand Dawkins for breach of contract, negligence, violations of the Texas Deceptive Trade Practices Act,[3] and fraudulent lien.[4] Related to its fraudulent lien claim, Wanderlust challenged the validity of Lugrand Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien," which it had filed with the Harris County Clerk's Office. Wanderlust attached to its second amended petition, among other things, the "Affidavit Claiming a Statutory and Constitutional Lien."

Lugrand Dawkins answered, generally denying Wanderlust's allegations and asserting certain defenses and counterclaims.

Wanderlust then filed its "1st Amended Motion for Judicial Review of Lien."[5] In its motion, Wanderlust asserted that on June 15, 2018, Lugrand Dawkins filed its "Affidavit Claiming a Statutory and Constitutional Lien" with the Harris County Clerk's Office; the representations made in the "Affidavit Claiming a Statutory and Constitutional Lien" were false; Wanderlust had paid Lugrand Dawkins $82,000 under the parties' agreement; Lugrand Dawkins only completed around $30,000 worth of work under the parties' agreement; Wanderlust did not owe Lugrand Dawkins any money; and Lugrand Dawkins "clearly knew or should have known

---

[3]  See TEX. BUS. & COM. CODE ANN. § 17.46.

[4]  See TEX, CIV. PRAC. & REM. CODE ANN. § 12.002.

[5]  See TEX. GOV'T CODE ANN. § 51.903.

[that] the document [it] recorded was fraudulent and not based upon any facts." Thus, Wanderlust sought, among other things, judicial review of Lugrand Dawkins's purported lien, under section 51.903 of the Texas Government Code.[6] Wanderlust attached to its motion Lugard Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien."

In its response to Wanderlust's motion, Lugrand Dawkins asserted that its lien was not fraudulent because it was filed in the form of a mechanic's lien as authorized by Texas law and that the question of the lien's validity was improper, as it exceeded the scope of Texas Government Code Chapter 51.

After a hearing on Wanderlust's motion, the trial court entered an order, titled "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim," declaring that there was no valid lien or claim created by Lugrand Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien."  The trial court's findings of fact and conclusions of law invoked its authority under Texas Government Code Chapter 51 and declare that Lugrand Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien"

    (1) [WAS] NOT provided for by specific state or federal statutes or constitutional provisions;

    (2) [WAS] NOT created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law

---

[6]     *See id.*

4

of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person;

(3) [WAS] NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) [WAS] NOT asserted against real or personal property or an interest in real or personal property.

There [was] no valid lien or claim created by this documentation or instrument.

## Lien

In its first and second issues, Lugrand Dawkins argues that the trial court erred in granting Wanderlust's "1st Amended Motion for Judicial Review of Lien" because Lugrand Dawkins's lien was "a Texas Property Code Chapter 53 Mechanic's Lien and Texas Constitutional Lien" and Wanderlust "sought . . . relief beyond the permissible scope of Texas Government Code [sections] 51.901 and . . . 51.903."

## A. Jurisdiction

Initially, we consider whether we have jurisdiction to review Lugrand Dawkins's challenge to the trial court's interlocutory order, declaring that there was no valid lien or claim created by Lugrand Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien." Texas Government Code section 51.903 confers appellate jurisdiction to review a trial court's finding about whether a document purporting to create the lien is presumed to be fraudulent. *Cardenas v. Wilson*, 428 S.W.3d 130, 132 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding "we have appellate

jurisdiction to review a trial court's interlocutory orders under section 51.903 of the Texas Government Code"); *see also* TEX. GOV'T CODE ANN. § 51.903(c) ("An appellate court shall expedite review of a court's finding under this section."). We therefore conclude that we have jurisdiction to review Lugrand Dawkins's challenge to the propriety of the trial court's ruling under Texas Government Code section 51.903.

## B.    Texas Government Code Chapter 51

We next address Lugrand Dawkins's contention that the trial court erred in finding that its affidavit did not create a valid statutory lien. Whether an affidavit purporting to create a lien is fraudulent, as defined by statute, is a question of law that we review de novo. *David Powers Homes v. M.L. Rendleman Co.*, 355 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

> A document is "presumed" to be fraudulent if:
>
> the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:
>
> > (A) is not a document or instrument provided for by the constitution or law of this state or of the United States;
> >
> > (B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or
> >
> > (C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

TEX. GOV'T CODE ANN. § 51.901(c)(2). To find that a document purporting to create a lien is presumed fraudulent, the court must determine that it is not one of the above three types of legitimate liens or claims. *See id.* § 51.903(a); *see also Cardenas*, 428 S.W.3d at 132.

Lugrand Dawkins argues that the trial court erred in granting Wanderlust's "1st Amended Motion for Judicial Review of Lien" because Lugrand Dawkins's lien was "a Texas Property Code Chapter 53 Mechanic's Lien and Texas Constitutional Lien" and Wanderlust "sought . . . relief beyond the permissible scope of Texas Government Code [sections] 51.901 and . . . 51.903." Lugrand Dawkins correctly observes that both the Texas Constitution and the Property Code provide a basis for a mechanic's lien. *See* TEX. CONST. art. XVI, § 37; TEX. PROP. CODE ANN. Ch. 53; *Cardenas*, 428 S.W.3d at 132–33. Because the laws of Texas authorize a document filed in the form of a mechanic's lien, it cannot be presumed to be fraudulent under 51.901(c)(2)(A) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 51.903(a); *Cardenas*, 428 S.W.3d at 132–33. Wanderlust, in its "1st Amended Motion for Judicial Review of Lien," asserted that the representations Lugrand Dawkins made in its "Affidavit Claiming a Statutory and Constitutional Lien" were false; Wanderlust paid Lugrand Dawkins $82,000 under the parties' agreement; Lugrand Dawkins only completed around $30,000 worth of work under the parties' agreement; Wanderlust did not owe Lugrand Dawkins any money; and Lugrand

7

Dawkins "clearly knew or should have known [that] the document [it] recorded was fraudulent and not based upon any facts." Wanderlust's assertions, and its corresponding evidence, relate to whether Lugrand Dawkins received payment related to its work performed under the parties' agreement. This goes not to the legal authorization for the mechanic's lien, but to whether it is valid, a question that was not before the trial court in determining Wanderlust's "1st Amended Motion for Judicial Review of Lien" under Texas Government Code section 51.093. *See Cardenas*, 428 S.W.3d at 133 ("Under the fraudulent lien statute, the trial court does not rule on the validity of the underlying claim creating the lien or rule on any substantive evidentiary claim."). Accordingly, we hold that the trial court erred in granting Wanderlust's "1st Amended Motion for Judicial Review of Lien" and declaring that there was no valid lien or claim created by Lugrand Dawkins's "Affidavit Claiming a Statutory and Constitutional Lien."

We sustain Lugrand Dawkins's first and second issues.[7]

## Conclusion

We reverse the trial court's order, entitled "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create

---

[7]     Our disposition of Lugrand Dawkins's first and second issues makes it unnecessary to address his third, fourth, and fifth issues. *See* TEX. R. APP. P. 47.1.

a Lien or Claim," and remand the case for further proceedings consistent with this opinion.  We dismiss all pending motions as moot.


                                        Julie Countiss
                                        Justice

Panel consists of Justices Kelly, Hightower, and Countiss.